WILSON v. TAYLOR *et al., Plaintiffs in Error.*

Division One, February 5, 1894.

1. Practice in the Supreme Court: AMENDMENT OF RECORD: AFFIDAVITS. Affidavits filed in the supreme court with a view of showing what instructions were asked, given and refused at the trial, and what occurred when the bill of exceptions was signed, will be disregarded, and the cause determined on the record.

2. **Tax Deed**: COLOR OF TITLE. A tax deed which described the land, and used apt and appropriate words of conveyance, constitutes color of title.

3. **Practice**: EXCEPTIONS: MOTION FOR NEW TRIAL. It is not sufficient to except to the action of the court in refusing instructions, but in order to have such action reviewed in the appellate court, it must be made a ground for a new trial in the motion filed for that purpose.

4. **Adverse Possession**: PRACTICE. The question of adverse possession is one of fact, to be determined under proper instructions.

*Error to Morgan Circuit Court.*—HON. JOSEPH R. EDWARDS, Special Judge.

AFFIRMED.

*Wm. O. Mead* and *Jamison & Childers* for plaintiffs in error.

(1) The tax deed offered in evidence by the defendants should have been admitted, and the first declaration of law asked by the defendants should have been given. The testimony shows conclusively that defendants' ancestors took possession under the tax deed in good faith, and held the possession thereof, by themselves, tenants and agents, for more than ten years, believing they owned the same, and the tax deed was, if nothing more, color of title, and extended defendants' possession to the whole tract therein described, the whole being and lying contiguous. *Crispin v. Hannavan*, 50 Mo. 536; *Fugate v. Pierce*, 49 Mo. 441; *Long v. Higgenbotham*, 56 Mo. 245; *Gaines v. Saunders*, 87 Mo. 557; *Hamilton v. Boggess*, 63 Mo. 233. (2) Under the case made by defendants, the court erred in refusing their fifth instruction, the title to the land in question by this tax deed as color of title, coupled with the open, notorious, continuous adverse possession vested in defendants' ancestors, from whom they inherit. *Dalton v. Bank*, 54 Mo. 105; *Bledsoe v. Sims*, 53 Mo. 305.

*A. W. Anthony* and *A. L. Ross* for defendant in error.

(1) The supreme court will not pass upon instructions unless the attention of the trial court was called to them in the motion for new trial. *Griffin v. Regan,* 79 Mo. 73; *Matlock v. Williams,* 59 Mo. 105; *Vineyard v. Matney,* 68 Mo. 105; *Lancaster v. Ins. Co.,* 62 Mo. 121; *Acock v. Acock,* 57 Mo. 154. The point is so thoroughly settled it is not necessary to multiply authorities. (2) The tax deed is the form used in 1865, which has again and again been held invalid by this court. It seems hardly necessary to thresh this old straw. *Spurlock v. Allen,* 49 Mo. 178; *Large v. Fisher,* 49 Mo. 307; *Abbott v. Doling,* 49 Mo. 302; *Abbott v. Lindenbower,* 42 Mo. 162. (3) The record imports absolute verity. *Christian v. Wight,* 19 Mo. App. 165; *Wells v. Lea,* 20 Mo. App. 352. And, even if the instructions or the motion for new trial should appear to be incorrectly copied in the transcript, the record is conclusive, and the appellate court must treat it as correct. *Allen v. Claybrook,* 58 Mo. 124; *State v. Johnson,* 81 Mo. 60.

BLACK, P. J.—Plaintiff commenced this action of ejectment in July, 1891, to recover possession of two hundred and eighty acres of land in Morgan county. The plaintiff entered the land and received a patent from the United States prior to 1860.

Defendants put in evidence a tax deed, dated the third of October, 1868, which was not recorded until February, 1880. According to the recitals of this deed it is based upon unpaid taxes as follows: $1.63 for the year 1861, upon one hundred and twenty acres; $1.32 for 1862 upon a different one hundred and twenty acres; and $1.02 for 1864 upon another forty acres.

The deed also states that the lands were offered at public sale in October, 1865, but were not sold for want of bidders; that they were again offered at public sale as forfeited lands in October, 1867, but were not sold for a like reason; and that they were sold at private sale to William B. Hensley, on the third of October, 1868, for the taxes, interest and costs due thereon. The deed uses appropriate words of conveyance, describes the lands, and is signed, sealed and acknowledged by the collector.

Defendants also introduced evidence tending to prove the following facts: Hensley took possession of the land about the date of the tax deed. He died in 1870, leaving, a widow and several minor children. She then moved to her father's where she married a Mr. Taylor in 1872. Taylor hewed logs and built a house on the land in the winter of 1876, and in the spring following moved into the house. He and his wife lived there until 1880, at which time, they moved to the state of Texas. Hensley had cleared five or six acres, and Taylor cleared three or four acres more. When Taylor and his wife moved to Texas she left the property in charge of her father as her agent, and he rented it out from year to year, to and including 1887. There was a crop raised upon the cleared part every year from 1876 to and including 1887. During that time Taylor and the tenants of Mrs. Taylor cut timber from different portions of the entire tract, for rails and for other purposes. There were some lead mines on the property, and the father of Mrs. Taylor collected the royalty arising therefrom for her. The defendants are the heirs of William B. Hensley, his widow who married Taylor having died before the commencement of this suit. They were in possession when this suit was commenced.

For the plaintiff the county surveyor testified that

he surveyed the land in 1890; that there was no fence on the land at that time, save a small strip at one corner which was inside the field of Joseph S. Madole, who was an adjoining land proprietor; that there had been a clearing and an old house on the land, and the old clearing was covered over with saplings and brush; that the saplings were from four to five inches through, indicating that it had been eight to twelve years since the land had been used. According to his evidence the clearing covered three or four acres. This old clearing was on the northwest forty. Mr. Anthony testified that the plaintiff was a nonresident and had paid taxes on the land through him since 1872; that he never heard of anyone claiming the land until last year, meaning 1890.

John S. Madole, the father of Mrs. Taylor, gave further evidence on behalf of the defendants tending to show that Mr. Anthony knew of the claim of the defendants to the land in 1887, and that the old house remained on the land from 1876 to the fall of 1890.

The case was tried before a special judge without a jury, the trial resulting in a finding and judgment for the plaintiff. There was and is no claim made by the defendants that the tax deed conveyed the title, so that the defense is based solely on the statute of limitations. From the record before us it does not appear that the plaintiff asked any instructions, but it does appear that the defendants asked five, all of which were given, except the first, and the fifth, both of which were refused and to which ruling defendants then excepted. The first was to the effect that the tax deed constituted color of title; and the fifth was to the effect that under the evidence the plaintiff could not recover.

The grounds assigned for new trial having any relation to the questions raised here are: *First*, the court erred in giving declarations of law asked by the

plaintiff over the objections of the defendant; *sixth*, the finding of the court was against the evidence; *eighth*, under the instructions given on behalf of the defendants, the finding should have been for defendants.

1.  We have thus set out the state of the present record with particularity, because the parties differ as to what it discloses.  Besides this, affidavits have been filed with a view of showing what instructions were asked, given and refused at the trial, and what occurred when the bill of exceptions was signed by the special judge.   That we must dispose of this case on the record before us is a proposition too plain to admit of argument;   and the affidavits before us must and will be disregarded.   They are no part of the record.

2.  As the collector's tax deed described the lands and used apt and appropriate words of conveyance, it constituted color of title;   and the defendant's first instructions should have been given.  But the refusal to give this instruction can not be assigned as error here, because the refusal of it was not made a ground of complaint in the motion for a new trial.   As seems to be well understood by the attorneys for the respective parties in this case, this court has time and again held that it is not sufficient to except to the action of the court in refusing instructions.   The ruling in this respect made at the trial must be brought forward in the motion for new trial as a reason and ground for new trial.   The defendant's motion for new trial in the case does not complain of the action of the court in refusing instructions asked by them.

For a like reason error can not be assigned here because of the refusal of the court to give the defendant's fifth instruction.   We may say, however, that this instruction was properly refused.   There was evidence from which the court could have found for

defendants on the ground of adverse possession for a period of ten years, but it was for the court sitting as a jury to give to this evidence such weight and value as it believed it entitled to receive. The question of adverse possession was one of fact to be determined under proper instructions.

The defendant's second, third and fourth instructions, all bearing upon the subject of adverse possession, were given and on them them the court found for the plaintiff. There is nothing, therefore, for this court to do but affirm the judgment. Affirmed. All concur.