FULKERSON v. MURDOCK, *Appellant.*

Division One, June 19, 1894.

1. **Practice:** FILING BILL OF EXCEPTIONS. On May 4 ninety days' time was allowed to file a bill of exceptions. The bill was signed and filed in vacation, August 3. *Held,* too late, though the parties then supposed it was in time.

2. **Appellate Practice:** RECORD: AFFIDAVITS. It is, at least, doubtful whether affidavits can be considered to eke out a record on appeal.

3. **Practice:** BILL OF EXCEPTIONS: EXTENSION OF TIME OF FILING. The trial judge has power in vacation to extend the time for a bill of exceptions while the original period allowed to file it is current; but the fact that he signed it after the time expired, and that counsel for the other side marked it "O. K.," do not amount to an extension of the prescribed time.

4. ———: ———. After the expiration of time to file a bill of exceptions in vacation, the express consent of counsel can not give validity to such a bill under the Missouri decisions.

5. **Supreme Court Practice**: CASES FROM COURTS OF APPEAL: QUESTIONS INVOLVED. When a cause comes to the supreme court from a court of appeals, under the constitution of Missouri, it is to be heard as in case of jurisdiction obtained by ordinary appellate process; and parties in the supreme court are not restricted to the points that may have been raised in the court of appeals.

6. ———: VEXATIOUS APPEALS: DAMAGES. The court has power to award damages in case of a frivolous or vexatious appeal; but will not necessarily exercise that power in every instance where the judgment is affirmed for want of a proper bill of exceptions. Its action in that particular will depend on the facts exhibited in each case.

*Appeal from St. Charles Circuit Court.*—HON W. W. EDWARDS, Judge.

AFFIRMED.

*D. P. Dyer* for appellant.

(1) The bill of exceptions was filed within time. Besides, the fact that the delay was occasioned wholly by counsel for the respondent estops him from complaining. *City v. Kleuk*, 27 Neb. 617; *Meyer v. Fagan*, 51 N. W. Rep. 753; *Hawes v. People*, 129 Ill. 123. (2) The supreme court does not make any distinction with regard to exemplary damages between cases of slander and other actions of tort, and such damages should be given only where there are circumstances of oppression, malice or negligence. *Kennedy v. Woodward*, 6 Houst. (Del.), 46; *Healy v. Deltra*, 7 Cent. Rep. 168; *Herman v. Cundiff*, 82 Va. 239; *Newman v. Stern*, 75 Mich. 402; *Holmes v. Jones*, 121 N. Y. 467.

*N. C. Dryden, R. F. Walker* and *Morton Jourdan* for respondent.

(1) Appellant's bill of exceptions was filed out of time. On August 2 the record in this case was closed; no power or authority could be legally exercised for

the purpose of extending the time for signing or filing the bill of exceptions after that time. In this position we are supported by the following cases: *State v. Mosley*, 116 Mo. 546; *State v. Scott*, 109 Mo. 226; *State v. Hill*, 98 Mo. 570; *State v. Broderick*, 70 Mo. 622; *Boardman v. Vaughn*, 44 Mo. App. 549; *McHoney v. Insurance Co.*, 44 Mo. App. 426; *State v. Apperson*, 115 Mo. 470; *State v. Berry*, 103 Mo. 367; *State v. Harben*, 105 Mo. 603; *State v. Seaton*, 106 Mo. 208; *State v. Ryan*, 120 Mo. 88; *State v. Mansfield*, 106 Mo. 110; *State v. Sweeney*, 54 Mo. App. 580; also, sec. 2168, R. S. 1889. (2) A bill of exceptions, though filed out of time with the knowledge and consent of respondent's counsel, will avail appellant nothing, nor will the fact, if it be a fact, that respondent O. K.'d the bill of exceptions, give it life or existence. Respondent could not, even before the time for filing the bill of exceptions had expired, extend it, except by an order of the court, and certainly the contention that the mere fact that respondent's counsel consented orally or indorsed the bill of exceptions "O. K." would serve to extend the time within the meaning of the statute, is without merit. *State v. Ryan, supra.*

*T. F. McDearmon* also for respondent.

(1) The testimony of Doughty, Silvey, Tyler and Seitz was properly admitted to show malice and in aggravation of damages. *Christal v. Craig*, 80 Mo. 375; *Kennedy v. Holladay*, 25 Mo. App. 503; 3 Phillips on Evidence [4 Am. Ed.], p. 560, and cases there cited; 2 Greenleaf on Evidence [7 Ed.], p. 338, sec. 418; *Morassa v. Brochu*, 151 Mass. 567 (21 Am. St. Reports, 474); *Beals v. Thompson*, 149 Mass. 405; *Association v. McDermott*, 15 Vroom, 430; *Ward v. Dick*, 47 Conn. 300; *Swift v. Dickman*, 31 Conn. 289; *Howard v. Sexton*,

4 N. Y. 158; Newell on Defamation, etc., p. 350; *Williams v. Miner*, 18 Conn. 472; Heard on Libel and Slander, pp. 298–306, secs. 273–279. (2) The second instruction given for respondent is clearly the law and has been approved by our supreme court time and again. *Buckley v. Knapp*, 48 Mo. 152; *Clements v. Maloney*, 55 Mo. 352; *Barbee v. Hereford*, 48 Mo. 323; *Pennington v. Meek*, 46 Mo. 217; *Perkins v. Railroad*, 55 Mo. 201; *Kennedy v. Holladay*, 25 Mo. App. 503. (3) Instruction number 4, given at the request of plaintiff, is the law, and so repeatedly held by our supreme court and this court. *Buckley v. Knapp*, 48 Mo. 152; *Clements v. Maloney*, 55 Mo. 352; *Dailey v. Houston*, 58 Mo. 361; *Kennedy v. Holladay*, 25 Mo. App. 503; *Klump v. Dunn*, 66 Pa. St. 141.

BARCLAY, J.—This is an action for damages for slander, in which, upon a trial, plaintiff recovered judgment for $1,350. Defendant promptly moved for a new trial; but his motion was overruled, May 4, 1892. On that day the court made an order giving him leave "to file his bill of exceptions herein ninety days from this date."

He appealed at once, on the same day, to the St. Louis court of appeals; and the March term of the trial court closed, July 20, 1892.

The bill of exceptions was signed by the judge in vacation, August 3, 1892, and it was filed that day.

After the case was submitted to the court of appeals, it was transferred to the supreme court for reasons indicated in the report, 53 Mo. App. 151.

The plaintiff (respondent) now contends that the alleged errors charged to exist in the proceedings at the trial are not properly reviewable, because the bill of exceptions was neither signed nor filed within the

time prescribed by the order permitting the filing thereof in vacation.

We find this point well taken.

Ninety days' time, from May 4, was granted to file the bill. That time expired with Wednesday, the second day of August, 1892. R. S. 1889, sec. 6570; *State v. Harris* (1894), 121 Mo. 445 (26 S. W. Rep. 558.)

The bill was out of time when presented to the judge the next day. R. S. 1889, sec. 2168. No extension of time for the bill was made by the judge.

Nor is there in the record any written consent 'of counsel to such an extension.

Under repeated rulings of the supreme court, and of each division, the statute on this subject must be regarded as an imperative demand that exceptions be filed within the time the law prescribes. *State v. Mayor* (1889), 99 Mo. 602; *Burdoin v. Trenton* (1893), 116 Mo. 358; *Dorman v. Coon* (1893), 119 Mo. 68.

It is our duty to enforce this law.

The case at bar affords no room for any other construction of the statute than that the bill was unauthorized (so far as the record shows), when the judge signed it in vacation, after the lapse of the time allowed for that purpose.

No assignment of any error is submitted by the defendant referring to any part of the proceedings in the circuit court other than those at the trial.

2. But defendant seeks to avoid the legal consequences flowing from the state of facts above described by insisting on certain other facts brought before the court by affidavits filed here since this cause was submitted.

It is very doubtful, to say the least, whether, under the decision of the first division in *Wilson v. Taylor* (1894), 119 Mo. 626, and earlier cases, such affidavits

can be considered to eke out the record on which defendant has brought the case up.

But laying that question aside, we think the showing in the affidavits is insufficient to change the result to which the record, as it stands, leads.

The substance of that showing is, that the bill of exceptions was submitted to counsel for plaintiff long before the date for filing the same; that it was retained by him until the day the bill was signed, and that it was marked "O. K." by the counsel for plaintiff before being submitted to the trial judge.

It further appears that plaintiff's counsel held the bill in order to have time to communicate with other counsel on the same side, and that the former declared that the time might be extended (should it become necessary) to save the bill.

When the bill was signed, August 3, 1892, all the parties supposed it was in time. That did not make it so, however.

There is nothing tending to show that defendant's counsel refused to give up the bill at any time upon request.

The trial judge had the undoubted power, under section 2168 (R. S. 1889), to extend the time for the bill while the original period was current. He, no doubt, would have done so, on such a showing as is now made. But we think he was the proper authority to act in that matter on these facts. He did not do so, and was not asked to do so.

That plaintiff's counsel marked the bill "O. K." (which we take to be the equivalent for "correct") did not amount to an extension of time beyond that first granted by the court. It is a customary manner of approving the contents of a bill; but, standing alone, it has no relevancy to the subject of fixing or extending the time prescribed for filing the exceptions.

Express written consent, after the time had expired, would amount to nothing. *Dorman v. Coon* (1893), 119 Mo. 68.

It is not shown that any actual agreement, verbal or written, to extend the time, was concluded between counsel, before the required period elapsed.

We see nothing in the facts to prevent the enforcement of the rule prescribed by section 2168; and we do not feel at liberty to depart from a law so plainly laid down, even to relieve against any supposed hardship in its application.

3. It is next insisted by defendant that as the case reached this court by transfer from the St. Louis court of appeals on a division of opinion, and no objection was made in that court to a consideration of the merits of the case, the point now raised, as to the bill of exceptions, should be held thereby waived.

When a cause comes to the supreme court from one of the courts of appeals (in compliance with the law on that subject), the constitution declares that "thereupon the supreme court must rehear and determine said cause and proceeding, as in case of jurisdiction obtained by ordinary appellate process." Const. Amendment, 1884, sec. 6.

In view of that language we are of opinion that the plaintiff, respondent, may, upon the hearing of the appeal in this court, avail himself of any point that the record properly presents at that time.

The court of appeals is not necessarily on trial in cases that come to the supreme court by that route. Our jurisdiction is merely substituted for that of the former court in certain exceptional cases; but the final hearing may properly embrace all the subjects comprehended in the record. Under the constitution, the appeal in this court can not lawfully be limited to a

mere reconsideration of the points discussed in the court of appeals.

We consider, therefore, that plaintiff has not waived his right to insist on the point of practice mentioned, though he may never have raised it in the court of appeals.

From these rulings it results that the judgment of the circuit court should be affirmed.

4. Plaintiff has asked that ten per cent. damages be awarded to him upon the affirmance. The court has power to make such an award if it be deemed just. R. S. 1889, sec. 2305.

But that power should be exercised with a due regard to the facts exhibited in the particular case. To warrant an award of such damages it is not always enough that the judgment be affirmed for want of a bill of exceptions.

In the appeal at bar the failure of the defendant to present the merits of the controversy to this court seems due rather to a mistake in calculating the time given to file his bill than from any desire to avoid a review of the substance of the case.

The course of the proceedings in the court of appeals, as reported, indicates very plainly that, upon the substantial merits, could they properly be reached, defendant's appeal involves some very interesting and debatable propositions, to say the least. That he now finds himself confronted by a fatal objection to his record, precluding an investigation of those propositions, we think does not furnish a sufficient reason for charging further damages against him as for a frivolous or vexatious appeal.

In affirming the judgment, therefore, we deny the plaintiff's request for an enlargement of it here. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.