W. B. Cox *et al.*, Appellants, v. William Bright *et al.*, Respondents.

St. Louis Court of Appeals, February 25, 1896.

1. **Practice, Appellate**: BILL OF EXCEPTIONS FILED OUT OF TIME: EFFECT OF CONSENT. A bill of exceptions filed after the term, and not within the time allowed therefor by order of the trial court, will not be considered on appeal; and this, though it was filed by consent, and though both the appellant and the respondent considered it as filed in time.

2. ——: ——: EFFECT OF RECITALS IN BILL. When it appears that in point of fact a bill of exceptions was thus filed out of time, a recital to the contrary in the bill itself will not avail the appellant.

3. **Practice, Trial**: VERDICT, AMENDMENT OF. The trial court may, of its own motion, amend defects in the form of a verdict, the meaning of which is plain.

4. ——: CONDITIONAL VERDICT IN ACTION AT LAW. A conditional verdict is without warrant in an action at law.

VOL. 65 app—27

5. **Practice, Appellate:** REMANDING CAUSE FOR NEW TRIAL AS TO A PART OF THE DEFENDANTS. The defendants in this action (which was a suit on a note) had different defenses. The verdict therein, which was in favor of all of them, was improper as to one and proper as to the others. *Held,* that while the entire judgment should be reversed, the cause should be remanded for new trial as to the one defendant only, and with directions to let the verdict stand as to the others.

*Appeal from the Stone Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Pepper & Steele* for appellants.

(1) The trial court, under the pleadings and evidence adduced, should have directed the jury to find a verdict for plaintiffs, because there was no substantial testimony adduced to support the allegations in defendants' answer. *Wolff v. Campbell,* 110 Mo. 114; *Klausmann, etc., Co. v. Schoenlau,* 32 Mo. App. 357. (2) The trial court should have arrested the judgment because void upon its face, and because the court, under the pleadings, had no power to render such judgment. A judgment not responsive to the pleadings, on proper motion, will be arrested. *Hamilton v. Clark,* 25 Mo. App. 428; *Paddoch v. Lance,* 94 Mo. 283.

*Joseph Cravens* and *O. L. Cravens, Albert Hodges,* and *Yocum, Cartmel & Thornberry* for respondents.

ROMBAUER, P. J.—The respondents claim that there is no bill of exceptions in this case, and that the merits of the appeal must be determined by the record proper. The facts bearing on this contention are as follows: The cause was tried at the March term of the Stone county circuit court, and judgment rendered therein on the seventh day of March, 1895. On the same day the plaintiffs filed their motions for new trial and in arrest

of judgment, which were by the court overruled. They thereupon, on the same day, prayed for an appeal to this court, which was granted. The case is brought here on clerk's certificate under the second alternative provision of section 2253 of the Revised Statutes. The abstract of the defendants makes the following recital:

"And by agreement of parties it was ordered by the court by entry made of record that plaintiffs have ninety days after the adjournment of this March term, 1895, of said court within which time to file their bill of exceptions herein, and, within the time limited therefor as aforesaid, plaintiff presented this his bill of exceptions to the judge, praying that the same may be signed and sealed as such, which is accordingly done this sixth day of August, 1895.

"J. C. LAMSON,          [SEAL]
"Judge of the Stone County Circuit Court."

The accuracy of this recital is challenged by the respondents, who produce here a certified copy of the record, of date March 7, 1895, which reads as follows: "Now at this day comes plaintiff by attorney, and, at the instance and suggestion of said attorney, it is ordered by the court that plaintiff be, and is hereby, allowed ninety days *from the date hereof* in which to prepare and file its (*sic*) bill of exceptions herein, and it is further ordered that said plaintiff be allowed ten days to file its obligation for costs herein." (The italics are ours.) The respondents also produce a certified copy of the entry from the judge's minutes, allowing time to file bill of exceptions, which is in the following words: "Ninety days in which to file bill of exceptions." The respondents also produce the certified copy of a stipulation filed in said cause, and bearing date June 4, 1895, which is to the following effect: "It is hereby stipulated and agreed by and between plaintiff and defendant in the above entitled cause that the

time for preparing, signing and filing, the bill of exceptions in the above entitled cause shall be extended until the eighteenth day of June, 1895, provided the time allowed by the court for filing the bill has not expired.'' At the date when this stipulation was entered into, the time granted for filing a bill of exceptions as shown by the record had expired. The court did not finally adjourn the March term until the nineteenth day of June, 1895. The bill of exceptions was filed on the fourteenth day of August, 1895, which was within ninety days of such final adjournment, but more than ninety days from the granting of the appeal.

It is evident that, if these recitals are to control, the bill of exceptions was not filed in time and can not be considered by us (*State v. Seaton*, 106 Mo. 198), even if it was filed by consent, and even if both plaintiffs and defendants considered it as being filed within due time. *Dorman v. Coon*, 119 Mo. 68; *Fulkerson v. Murdock*, 123 Mo. 292.

The appellants urge in opposition to this view that the bill itself recites that it was filed in time, and that the time granted was ninety days from the expiration of the term and not ninety days from date of the order, and that, as the respondents consented to the filing of the bill, they are estopped from raising the question whether it was filed in due time. The vice of this argument is that, if the bill of exceptions was not filed in time, it is not before us for any purpose and its recitals can not aid the appellants. Moreover, as was decided in *Fulkerson v. Murdock, supra,* the question is jurisdictional, and hence waiver or estoppel can not affect it. It results from the foregoing that respondent's contention, that there is no bill of exceptions in the record, must prevail.

Recurring to the record proper, the following facts appear: The plaintiffs sue upon a promissory note,

made by Wm. Bright and J. S. May and W. H. May. The two Mays filed a separate answer setting up as a defense, that the note was procured from them by fraudulent representations and that they were merely sureties for Bright in the execution of the note, a fact which the plaintiffs well knew. Bright filed a separate answer; in which he stated that the note was given to plaintiffs without consideration and that his signature thereto was obtained by fraud. The new matter in the answer was denied by reply. The verdict of the jury is in the following words:

"*We the jury find our verdict in favor of the defendants, Wm. Bright and J. S. May and W. H. May, the two last names mentioned released,* and that said Wm. Bright refund the sixty dollar draft he received back to J. Frank Seaman & Co. and to sign all rite and title, if he has any, on said draft to the A bove named Co."

Upon the verdict the court entered the following judgment. "*It is, therefore, ordered and decreed that plaintiff take nothing by reason of his writ of and from J. S. May and W. H. May.* It is further ordered, adjudged, and decreed that plaintiff have and recover of and from the defendant William Bright the sixty dollar draft referred to in the above verdict, and that the said William Bright transfer and assign all of his right, title and interest, in and to the $600 draft to the plaintiff herein, and that plaintiffs have judgment for their costs herein and have execution therefor." (The italics are ours).

It is evident at a glance that the verdict and judgment can not stand as an entirety. The verdict as to the two Mays is informal, but its meaning is plain enough, namely, that the jury intended to find, and did find, an unconditional verdict in their favor, and one which is responsive to the issues. As far as it is defect-

ive in form, the court might have amended it of its own motion. *Acton v. Dooley*, 16 Mo. App. 441–448; *Rembaugh v. Phipps*, 75 Mo. 422; *Provo Mfg. Co. v. Severance*, 51 Mo. App. 260. As far as the defendant Bright is concerned, the verdict and judgment of the court are equally unwarranted, both at common law and under the statute (R. S., secs. 2161–2166), nor are they responsive to the issues. The jury could not render a conditional verdict, and the court could not enter a conditional judgment in an action at law.

As there can be only one final judgment in the action (R. S., secs. 2206, 2213), the judgment must be reversed and the cause remanded, but it need not be remanded for new trial against all the defendants. The verdict in favor of the two Mays is sufficiently definite to permit it to stand. The court should let the verdict of the jury as to them stand, and enter final judgment upon such verdict in their favor whenever the case is finally disposed of as to the defendant Bright.

The judgment is reversed and the cause remanded to the trial court, with directions to proceed as hereinabove indicated. All the judges concur.