HEINEMANN *et al.* v. BENNETT *et al.*, *Appellants.*

Division Two, May 17, 1898.

1. **Ejectment**: COLOR OF TITLE: EFFECT. The effect of a deed which creates color of title is to extend whatever actual possession the grantee had of the land or any part thereof to the whole tract described in the deed.

2. ———: POSSESSION WITH CONSENT: LIMITATIONS. Where the grantee of a deed had the land surveyed and found one Lindner had a part of it fenced, and agreed with him that he might keep it fenced and use it until the grantee wanted it, and, in consideration that he would protect the timber, gave him a roadway over it, this actual possession by Lindner became the possession of the grantee, and alone, aside from the erection of a limekiln on the land by the grantee, entitled his heirs to recover the whole tract after such possession had been continued for ten years.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

VOL. 144 mo—8

*R. H. Stevens* and *Chas. H. Gallencamp* for appellants.

(1) The court erred in refusing to give instructions asked by appellants at the close of respondents' case, and instruction asked by appellants at the close of all the evidence in the case. There is no evidence in this case that the respondents, or any one of them, ever acquired the land in dispute by adverse possession under color of title. *Carter v. Hornbach*, 139 Mo. 238; *Pharis v. Jones*, 122 Mo. 125; *Cook v. Farrah*, 105 Mo. 492; *Ward v. Ihler*, 132 Mo. 375; *Nye v. Alfter*, 127 Mo. 529; *Herbst v. Merrifield*, 133 Mo. 267; *Pike v. Robertson*, 79 Mo. 615; *Bracken v. Jones*, 63 Tex. 184. (2) The instruction number 1 given by the court is a mere comment on the evidence, and is not the law of this State. The facts narrated simply show a claim of ownership, but do not show adverse possession.

*D. C. Taylor* and *R. Lee Mudd* for respondents.

(1) The tax deed to Heinemann gave him color of title ( *Wilson v. Taylor*, 119 Mo. 626) and therefore actual possession of part of the tract, claiming the whole, was sufficient. R. S. 1889, sec. 6768; *Allen v. Mansfield*, 108 Mo. 343; Newell on Ejectment, p. 727, sec. 37. (2) When "open land" is used by a person in connection with his other lands, for such purposes as the land is susceptible of, then such use is adverse. *Draper v. Shoot*, 25 Mo. 203; *Leper v. Baker*, 68 Mo. 400. And such land need not be under fence, or actually occupied, otherwise than as above. *Leper v. Baker, supra; Key v. Jennings*, 66 Mo. 356; *Truesdale v. Ford*, 37 Ill. 210; *Hubbard v. Kiddo*, 87 Ill. 578. In the cases cited by appellants in their brief, the

lands sued for were largely suited for agricultural pur-
poses, and consequently were not of the character of
the land here sued for, and therefore, in this case acts
of less notorious possession are sufficient. Sedg. and
Wait on Trial of Title [2 Ed.], sec. 733. (3) The
question of adverse possession is one of fact, to be
determined under proper instructions ( *Wilson v. Taylor*,
*supra*), and any evidential facts tending to show
adverse possession, would warrant the court in sub-
mitting the case to the jury, and therefore instruction
number 1, given on behalf of respondents was proper,
and the court rightfully gave it, and refused appellants'
demurrer to the evidence. *Turner v. Hall*, 60 Mo. 271.
(4) Under the ruling of this court in *Bird v. Sellers*,
122 Mo. 23, plaintiffs' cause of action was barred by
the three years' statute of limitation. Sess. Acts 1872,
p. 80.

BURGESS, J.—This is ejectment for eighty acres of
land in Franklin county. There was judgment in the
court below in favor of plaintiffs for possession of the
land and $45 damages. After unsuccessful motion
for a new trial, defendants appealed.

The land in controversy is the north-half of the
southeast quarter of section twenty-five, township
forty-four, of range two, east. The east forty was
patented by the United States Government to James
Caldwell on the second day of August, 1852, and the
west forty was patented by the United States Govern-
ment to Rapin Smithson on the first day of September,
1856. The land was sold for delinquent taxes by the
collector of the revenue of Franklin county on the
fourth day of June, 1867, at which sale one Henry
T. Mudd became the purchaser, and received the col-
lector's certificate of purchase therefor, which he on the
thirtieth day of November, 1869, assigned to one John

Heinemann, to whom said collector, on the eighth day of January, 1870, executed a deed to the land. When Heinemann got his deed from the collector in 1870, he had the land surveyed, and finding that one Charles Lindner had a small portion of it fenced and in cultivation he agreed with him that he might keep it fenced and use it until he, Heinemann, wanted it, and in consideration that he would protect the timber on the land (it was all timbered) he gave him a roadway over it. Heinemann then went upon the land and built a lime kiln, in which he burned lime for two successive seasons, and cut timber from the land for the use of an adjoining farm and also permitted others to cut timber from the land. The lime kiln was built of rock on the top of a hill, and was standing there at the commencement of this suit. Heinemann died several years before the commencement of this suit. He kept the taxes paid up on the land from 1870 to his death, and thereafter his legal representatives continued to pay them up to and including the year of 1892. This suit is being prosecuted by his widow and heirs at law.

Defendants and those under whom they claim showed a regular chain of title from the United States Government. At the close of plaintiff's evidence, and also at the close of all the evidence, defendants ask the court to instruct the jury that under the law and the evidence the verdict must be for defendants, which the court declined to do, and defendants saved their exceptions.

It is insisted that the court committed error in refusing to give the instruction asked by defendants in the nature of a demurrer to the evidence at the close of plaintiffs' case, and in refusing a like instruction asked by defendant at the close of all the evidence. This contention is predicated upon the ground, as contended by defendants, that there was no evidence

adduced that plaintiffs or John Heinemann from whom they claim to derive title, ever acquired the land in question by adverse possession under color of title. The tax deed to John Heinemann, described the land, and used apt and appropriate words of conveyance, and gave him color of title thereto. *Wilson v. Taylor*, 119 Mo. 626. And its effect was to extend whatever actual possession he had of the land or any part thereof to the whole tract described in said deed. Section 6768, Revised Statutes 1889, is as follows: "The possession under color of title, of a part of a tract or lot of land, in the name of the whole tract claimed, and exercising, during the time of such possession, the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract." *Allen v. Mansfield*, 108 Mo. 343; *Pharis v. Jones*, 122 Mo. 125. The actual possession of a part of the land by Charles Lindner, who, after John Heinemann purchased it, agreed to hold possession under him, became from that time on the possession of Heinemann, and that alone, aside from the fact of the erection of a lime kiln on the land by Heinemann, was such actual possession of part of the tract as to put the statute of limitations in motion in his favor, which by color of title was extended to the whole tract embraced within the color of title, and when such possession was continued for ten successive years vested the title to the land in him, which upon his death descended to his heirs.

It is true that the instructions given by the court on the part of plaintiffs, and especially the first, are subject to verbal criticism, but when taken in connection with those given on the part of defendants the case was very fairly presented to the jury.

Finding no reversible error in the record we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.