E. Y. MITCHELL, Respondent, v. J. E. WILLIAMS, Defendant; JAMES ORCHARD et al., Obligors, Appellants.

St. Louis Court of Appeals, March 21, 1899.

**Bill of Exceptions:** EXTENSION OF TIME FOR FILING. In the case at bar the power was exercised in vacation and by authority of a statute granting special powers, section 2168 Revised Statute 1889, and not according to the course of the common law nor in the exercise of any general jurisdiction of the court, and hence none of the usual presumptions indulged in favor of the regularity and validity of the acts and judgments of a court of general jurisdiction can be indulged in support of the order. Held that the order extending the time, was beyond the power of the court to make and is void.

*Appeal from the Texas Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

W. D. TATLOW and E. Y. MITCHELL, JR., for respondent.

There is nothing before this court for review on this record. This is a summary proceeding by motion under sec-

tion 574, Revised Statutes of 1889, and hence the appellants should have excepted to the action of the court in sustaining this motion and rendering a judgment against them thereon. This they did not do.    The following will be found at foot of page 19, and top of page 20, of appellants' abstract:    "This was all the testimony in the case, and the court, after hearing the argument of counsel, found the issues in favor of plaintiff herein, E. Y. Mitchell.    And afterwards, to wit, on the 27th day of May, 1897, at the said May term, 1897, of said circuit court of Texas county, Missouri, and within four days of said trial, the defendants filed their motion for a new trial in said cause, which motion for a new trial is as follows, to wit:" The appellants' abstract and the transcript on file in this court do show that the appellants excepted to the overruling of the motion for a new trial.    This, however, does not save the point, under the following authorities:    Wine Co. v. Scholer, 13 Mo. App. 345; Savings Co. v. Allen, 7 Mo. App. 595 (star page at foot of page); Welch v. Monks, 12 Mo. App. 597 (star page); St. Louis v. Brooks, 107 Mo. 380; McAnaw v. Matthis, 129 Mo. 142.    But if the record in this case showed such timely exception on the part of the appellants, they would be in no better shape on this record, because their motion for a new trial was overruled on the fifteenth day of November, 1897, and on that day they were given ninety days in which to file their bill of exceptions, and they did not comply with this order, but filed their bill on the fifteenth of February, 1898.    State v. Simmons, 124 Mo. 443; Linahan v. Barley, 124 Mo. 560; State v. Harris, 121 Mo. 445.

JAMES ORCHARD for appellant.

In any cause of attachment when there is personal service, or an appearance by the defendant; which was so in the original suit in this cause, there must be a general judgment. R. S. sec. 556 and 578; Kritz v. Smith, 21 Mo. 296; Brum v.

Reed, 73 Mo. 461, see 464; Payne v. Oshea, 84 Mo. 129, see 137; Morgan v. Railroad, 76 Mo. 161, see page 167. Where there is a general judgment, the execution must be general. Defendant having appeared, and a general judgment having been rendered, then it follows that the execution must be a general execution, and not a special execution, as in the case at bar. Burns Annotated Practice, sec. 824 and 825; R. S. 889, sec. 578; Kritz v. Smith, 21 Mo. 296, see page 302; Schinn on Attachments, secs. 3, 4, 5, 451 and 452. The further contention is, that the obligors are not liable under the bond, for the reason that the bond was given for the delivery of the property, when, and where, the circuit court of Howell county should direct, and not when, and where, the Texas county circuit court should direct. Parties entering into a bond can not be held only to the strict letter of the obligation, and terms of the bond, the liability can not be enlarged by any act, or construction. Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110; Shuster v. Weiss, 114 Mo. 158, see page 167. The action was prematurely brought, for the reason that the forthcoming bond was executed by a third person who retained the property, and no order of the circuit court of Howell county had ever been made on the obligors to deliver the property to the sheriff, which is essential and mandatory, and there must be a refusal before there is any breach in the bond, and any proceedings commenced prior to that time, would be premature. Brotherton, Adm'r, to use v. Thomson, 11 Mo. 94; State to use v. McKean, 25 Mo. 667, page 672. The plaintiff can not maintain this action for the reason there was never any order of the court ordering the sheriff of Howell county, Missouri, to assign said bond to the plaintiff, which must be done before any steps can be taken against the obligors therein. R. S. Mo. 1889, sec. 574; Jones to the use of McClure et al., 30 Mo. 429.

BLAND, P. J.—Ninety days after expiration of the term was allowed appellant in which to file bill of exceptions. His time to file under this order expired February 13, 1898. The bill of exceptions was filed February 15, 1898. By leave of this court the appellant has filed here the following paper:

"E. Y. Mitchell,
          vs.          } Motion for judgment on delivery bond.
"James M. Orchard.

"The time for filing bill of exceptions in the above entitled cause is hereby extended until the 15th day of March, A. D. 1898."

"(Signed) L. B. Woodside, Judge."

To this paper is attached a letter signed by Judge Woodside to Mr. Orchard, transmitting (supposedly) the above order and also the affidavit of Orchard that the order was inclosed with the letter as received by him. The letter is dated February 3, 1898. The order was filed by the clerk of the trial court February 28, 1898. It is too plain to require argument or citation of authorities, that neither the letter nor affidavit can be received as evidence of the date of the order, which is without date. Lafayette v. Thompson, 83 Mo. 199. But we are asked to presume that the judge of the circuit court correctly and lawfully exercised his power to extend the time in which to file the bill of exceptions. The power was exercised in vacation and by authority of a statute granting special powers, section 2168, Revised Statutes 1889, and not according to the course of the common law, nor in the exercise of any general jurisdiction of the court, and hence none of the usual presumptions indulged in favor of the regularity and validity of the acts and judgments of a court of general jurisdiction can be indulged in support of the order. Ellis v. Railroad, 51 Mo. 200; Anderson v. Pemberton, 89 Mo. 65; Sedalia v. Railroad, 17 Mo. App. 105. Black in his

work on Judgments, volume 1, section 279, says: "It is an established rule that when a court of general jurisdiction has special and statutory powers conferred upon it, which are wholly derived from statute and not exercised according to the course of the common law, or are not a part of its general jurisdiction, it is to be regarded as *quoad hoc* an inferior or limited court, and its judgments to be treated accordingly, that is, its jurisdiction must appear on the record and can not be presumed." Citing many authorities, and especially Pulaski v. Stuart, 28 Gratt (Va.), 872. See, also, Freeman on Judgments, sec. 123. The order being without date, we must look to its file marks for its date, which is February 28, 1898, fifteen days after the time had expired in which the bill of exceptions might be filed under the first order. The order extending the time was therefore beyond the power of the court to make and is void. State v. Schuchmann, 133 Mo. 111, and cases cited; Maddox v. Railroad, 73 Mo. App. 510. Hence there is no bill of exceptions in the case and no error appearing on the face of the record proper, the judgment is affirmed. Judge Bond concurs; Judge Biggs concurs in the result.