WARDER BUSHNELL & GLESSNER COMPANY, Appellant, v. JAMES FORMAN, Respondent.

**St. Louis Court of Appeals, January 16, 1900.**

Bill of Exceptions: TIME OF FILING: PRACTICE, APPELLATE.
The proposition that the court can not in vacation, even with the consent of parties, extend the time previously given for the filing of a bill of exceptions save by a written order made before the lapse of the time first given, is too well settled to be questioned.

Appeal from the Scotland Circuit Court.—*Hon. Edwin R. McKee*, Judge.

AFFIRMED.

*Smoot, Mudd & Wagner* for appellants.

(1) The record shows, if the court will examine it carefully, that is, the record proper shows, that the bill of exceptions was filed within the time allowed by the court, and is a proper matter of record.

*William Forman* and *J. M. Jayne* for respondent.

(1) There is nothing before this court for review. Appellant's abstract of the record fails to show that appellant excepted to the action of the trial court in overruling the motion for a new trial. While the bill of exceptions discloses that appellant filed his motion for a new trial, and that it was overruled, it does not show that he excepted to the action of the court in overruling the motion, and under the repeated and uniform rulings of this court unless exceptions be taken and preserved, by bill of exceptions, to the action

of the court in overruling a motion for new trial, there is nothing before the appellate court for review except the record proper. Abbott v. Gillum, 146 Mo. 176; Ross v. Railroad, 141 Mo. 390; State v. Murray, 126 Mo. 529. (2) When the time for filing bill of exceptions is extended by the trial court beyond the term, the judge of the trial court can not in vacation, after the expiration of the term of extension, allow further time for the filing of such bill. McHoney v. Ins. Co., 44 Mo. App. 426; Boardman v. Vaughan, 44 Mo. App. 549; State v. Scott, 113 Mo. 559; State. v. Sweeney, 54 Mo. App. 580; State v. Apperson, 115 Mo. 470; Burdoyn v. Trenton, 116 Mo. 358; State v. Mosley, 116 Mo. 545.

BOND, J.—The plaintiff as manufacturer of farming machinery sued the defendant upon a contract of agency for the sale of plaintiff's goods under certain limitations and restrictions as to the purchasers and as to the securities for the price, which plaintiff says were disobeyed by defendant to its loss in the sum of $120. On an appeal from the judgment of the justice there was a trial in the circuit court and judgment for one of the defendants, the action having been dismissed as to the other, and an appeal by plaintiff to this court.

Respondent interposes an objection to the consideration of anything on this appeal, except the record proper, upon the theory that the two abstracts, in lieu of a transcript, filed in this court by appellant, discloses that the bill of exceptions was not taken and filed within time. The record shows that during the term at which the judgment was rendered the court, on August 19, 1898, gave the plaintiff until the fifteenth of November thereafter to file its bill of exceptions, and on the twenty-seventh of October, 1898,

in vacation, extended such time allowing until January 1, 1899. The record then recites, to wit:

"Vacation.
"Warder Bushnell & Glessner Co., Plaintiff
7264      against
James Forman, Defendant.

"Now on this 5th day of January, 1899, comes the plaintiff by its attorneys, and files an order of the judge of this court, signed in vacation, extending the time for filing bill of exceptions on or before March 1st, 1899."

It also appears from the record that with the consent of parties the time for the filing of the bill of exceptions was extended to August 15, 1899, and that it was filed on August 1, 1899. It is clear from these recitals of the record that the bill of exceptions is not properly before this court for review. The entry on the fifth day of January, 1899, *supra*, extending the time until March 1, 1899, purported to be based on an order to that effect made in vacation. To have authorized such an extension the order of the judge in vacation should have been made during the currency of the time theretofore permitted for the filing of the bill; or in other words, should have been made on or before January 1, 1899. As there is nothing in this record showing this to be the fact, we are not permitted to indulge that presumption. The proposition that the court can not in vacation, even with the consent of parties, extend the time previously given for the filing of a bill of exceptions save by a written order made before the lapse of the time first given, is too well settled to be questioned. Mitchell v. Williams, 79 Mo. App. 389; Maddox v. Railway, 73 Mo. App. 510; State v. Schuchman, 133 Mo. 111; Fulkerson v. Murdock, 123 Mo. 292; Dorman v. Cook, 119 Mo. 68. It follows that

there is nothing presented for review on this appeal but the record proper, and as that shows no ground for reversal, the judgment herein is affirmed.    All concur.