George C. **HOOPER**, Petitioner,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

**Civ. A. No. 1004.**

United States District Court
W. D. Missouri,
Central Division.

Dec. 6, 1965.

George C. Hooper, pro se.

BECKER, Chief Judge.

This is the second petition for a writ of habeas corpus filed in this Court by petitioner, a convict confined in the Missouri State Penitentiary at Jefferson City, Missouri. Cf. Hooper v. Nash (C.A. 8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768. Petitioner requests leave to proceed in forma pauperis.

The sources of the facts stated herein are (1) the petition, (2) the materials attached thereto, (3) the official reports of the Supreme Court of Missouri, and (4) the records of this Court. There is no conflict in the factual information derived from these sources.

Petitioner was charged in the Circuit Court of the City of St. Louis, Missouri, with robbery in the first degree by means of a dangerous and deadly weapon (a pistol). He was tried on this charge by a jury in that Court. The jury found petitioner guilty on June 1, 1961. Thereafter he was sentenced under Missouri's Habitual Criminal Act, Section 556.280, R.S.Mo., V.A.M.S., to twelve years' imprisonment. The judgment of conviction was appealed to the Missouri Supreme Court and was affirmed. State v. Hooper (Mo.Sup.) 364 S.W.2d 542.

Briefly summarized, petitioner states as grounds for the writ that (1) under the law of Missouri the Habitual Criminal Act was not applicable to his conviction; (2) that he was denied the right to confront witnesses against him; (3) that he did not have the effective assistance of counsel in the sentencing court; (4) that he did not have the effective assistance of counsel on appeal. Each of these grounds is alleged to be a violation of the Fourteenth Amendment. Petitioner claims that because of ground (1) he was denied equal protection of the law. Petitioner claims that because of grounds (2), (3) and (4) he was denied due process of law.

■ The preliminary questions to be determined in a petition for a writ of federal habeas corpus filed by a state prisoner are whether the petitioner has

exhausted the available state remedies, whether there is an absence of state court corrective processes or if not absent, whether circumstances exist rendering such processes ineffective to protect the rights of the prisoner. Section 2254, Title 28 U.S.C.A., which provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

■ Ordinarily, claims or grounds for relief not properly presented to the state courts in adequate available corrective processes should not be considered on the merits in federal habeas corpus proceedings. Hooper v. Nash (C.A.8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768.

■ Missouri jurisprudence affords an admirable adequate post-conviction process in Missouri Criminal Rule 27.26, V.A.M.R., which is a parallel of the federal corrective process provided by Section 2255 of Title 28 U.S.C.A. There is no time limit within which a motion must be made under said Rule 27.26. State v. Pickel (Mo.Sup.) 376 S.W.2d 181. So the Missouri state corrective process is still open. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

The attempts of petitioner to have his conviction reversed or to obtain relief in collateral attacks on that conviction should be examined to determine which grounds here asserted were presented to the courts of Missouri in a motion under Missouri Criminal Rule 27.26 and further, if presented, whether the grounds were properly presented so as to satisfy the exhaustion of state remedies requirement of Section 2254.

■ The petitioner did not timely and properly assert any alleged violations of the Fourteenth Amendment on the direct appeal from his conviction. State v. Hooper (Mo.Sup.) 364 S.W.2d 542. Because the same issues raised here by petitioner were not timely and properly raised by petitioner in the direct appeal from petitioner's conviction, the direct appeal did not satisfy the exhaustion of state remedy requirements imposed by Section 2254 of Title 28, U.S.C. Cf. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Annotation 97 L.Ed. 543, l. c. 544; Fay v. Noia, supra.

In his direct appeal the Supreme Court of Missouri did not review the assignments of error in petitioner's untimely motion for new trial because under Missouri criminal jurisprudence alleged errors not appearing on the face of the record will not be reviewed on appeal unless assigned as errors in a timely motion for new trial. State v. Franklin (Mo.Sup.) 379 S.W.2d 526; Missouri Criminal Rule 27.20.

■ Petitioner states that after affirmance of his conviction he asserted substantially the same grounds asserted here in a "timely motion for rehearing and for a transfer to the Court, en banc." That motion was denied. The basis for the denial of the motion does not appear in the record herein. Assuming, but not deciding, that said motion raised the same issues as are here raised, the denial of that motion did not exhaust petitioner's state remedies. On a motion for rehearing in a direct criminal appeal the Supreme Court of Missouri is not required to determine assignments of error not properly and timely raised by a motion for new trial. Missouri Civil Rule 83.16, made applicable in criminal cases by Missouri Criminal Rule 28.18; State v. Franklin (Mo.Sup.) 379 S.W.2d 526. Therefore, neither the grounds relied on

in the untimely motion for new trial (whatever they were) nor the grounds of the unfounded motion for rehearing were submitted to and ruled upon the merits by the Supreme Court of Missouri in the direct appeal.

Petitioner's next step in his attempt to obtain post-conviction relief was to file his first petition for a writ of habeas corpus in this Court which was dismissed without prejudice for failure to exhaust available state remedies. This first federal habeas corpus proceeding is mentioned not only to state the facts fully, but to illustrate that petitioner was made aware of the requirements of Section 2254 of Title 28, U.S.C., as determined in his case by this Court and the Eighth Circuit Court of Appeals.

The grounds asserted for the writ in petitioner's first petition for federal habeas corpus were substantially the same as the grounds asserted herein. Hooper v. Nash (W.D.Mo.) Civil Action No. 14417–4, unreported.

This Court and the Eighth Circuit Court of Appeals denied petitioner's applications for the certificate of probable cause required by Section 2253 of Title 28, U.S.C., to appeal from the dismissal of his petition. Hooper v. Nash (C.A.8), supra. Certiorari was denied by the Supreme Court of the United States, 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768.

Following the dismissal of the first petition for habeas corpus by this Court, and denial of the certificate necessary for review on appeal by the Court of Appeals and denial of certiorari by the Supreme Court of the United States, petitioner filed in the sentencing court a motion for vacation of the judgment of conviction under Missouri Criminal Rule 27.26. The grounds asserted in petitioner's Rule 27.26 motion were substantially the same as the grounds asserted herein, with the exception of ground (4), alleged ineffectiveness of counsel on appeal, which was not presented in that motion, and which under Missouri jurisprudence could not have been presented therein. State v. Schaffer (Mo.Sup.) 383 S.W.2d 698.

Petitioner states that his Rule 27.26 motion was denied without a hearing by the sentencing court on the ground that "it had no authority to review matters already subject of appellate decision"; and that his motion that the sentencing court reconsider the order of dismissal was overruled. The basis of that ruling does not appear in the record herein.

Instead of taking an appeal to the Missouri Supreme Court from the ruling of the sentencing court on his Rule 27.26 motion petitioner then filed in the Missouri Supreme Court a document entitled "Appellant's Motion for an Order of the Court Vacating Its Mandate". That motion asserted substantially the same grounds asserted in his Rule 27.26 motion, i. e., only grounds (1), (2) and (3) of the grounds here asserted. A letter to petitioner from the Clerk of the Missouri Supreme Court dated February 9, 1965, states:

> "In re: State vs. George
> Carthel Hooper,
> No. 49 153.

"Dear Sir:

"On February 8, 1965, this Court made the following order in the above-entitled cause:

> " 'Appellant's motion for an order of Court vacating its mandate denied, because motion to vacate mandate is not a proper remedy and if treated as application for habeas corpus does not state a claim on which relief can be granted because record shows sentence, execution of which was suspended, and not suspension of imposition of sentence as in State vs. Gordon, 344 S.W. (2d) 69.' "

With respect to which of the grounds here asserted were asserted by petitioner in the sentencing court under Rule 27.26 and in the proceeding instituted in the Missouri Supreme Court, it should be noted that in paragraphs Nos. 14 and 15 of the questionnaire form of petition for writ of habeas corpus required by the Rules of this Court, petitioner states that all of the grounds here asserted were presented to the sentencing court and the

Missouri Supreme Court. However, petitioner submitted a copy of each motion filed in the sentencing court and the Missouri Supreme Court, and an examination of those motions shows that the issue of alleged ineffectiveness of counsel on appeal was not presented to either court.

■ Exhaustion of petitioner's remedy under Missouri Criminal Rule 27.26 requires appeal to the Missouri Supreme Court from the unfavorable ruling of the sentencing court on a motion to vacate a judgment of conviction. Mahurin v. Nash (C.A.8) 321 F.2d 662, cert. den. Mahurin v. Missouri, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422; Donnell v. Nash (C.A.8) 323 F.2d 850, cert. den. 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed. 2d 619, reh. denied 376 U.S. 959, 84 S.Ct. 974, 11 L.Ed.2d 978. Because petitioner did not appeal from the adverse ruling on this Rule 27.26 motion, that motion can be disregarded in determining whether petitioner has exhausted his available state remedies. Since no hearing was held on the first motion under Rule 27.26 by the committing state court, a second motion may be filed and if denied, an appeal taken from the denial. State v. Pickel (Mo.Sup.) 376 S.W.2d 181; State v. Herron (Mo.Sup.) 376 S.W.2d 192. So the state corrective process is still currently available and petitioner has not exhausted his state remedies.

■ The only remaining possibility of exhaustion of petitioner's available state remedies is "Appellant's Motion for an Order of the Court Vacating Its Mandate" which was filed in the Missouri Supreme Court. The denial of that motion did not exhaust petitioner's available state remedies with respect to the grounds asserted in that motion, or with respect to ground (4) asserted here, but not asserted in that motion. See Hooper v. Nash (C.A.8), supra, where it is stated at page 996 of 323 F.2d, with emphasis added:

"Our ruling * * * requires a Missouri prisoner to accord the Missouri courts, both trial and appellate, an opportunity to deal with any claims of constitutional violation as to his conviction or sentence on the basis of the concepts and standards of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, through the filing of a motion by him under Rule 27.26, supra, before he seeks to have any scrutiny or consideration given to such claims by a federal court."

■ Petitioner contends that the rule of State v. Schaffer (Mo.Sup.) 383 S.W. 2d 698, decided after the Mahurin, Donnell, and Hooper (C.A.8) cases, supra, precludes the sentencing court from adjudicating issues raised by way of a Rule 27.26 motion when the conviction which the Rule 27.26 motion collaterally attacks has been appealed and affirmed by the Missouri Supreme Court.

The incorrectness of petitioner's contention is best illustrated by the language of the Missouri Supreme Court. In holding that all issues of unconstitutional action occurring in a trial court may be submitted to that court in a motion under Rule 27.26, the Supreme Court of Missouri said:

"The final contention of defendant is that the court erred in failing to set aside the judgment because he was not represented by counsel upon his appeal. We are not authorized to consider that contention in this proceeding. This for the reason that if the point should be found to be meritorious it would not result in an order setting aside the judgment of conviction in the trial court. If defendant was denied due process because he did not have counsel on appeal the appropriate relief would be to vacate our judgment affirming the conviction and the cause would then be redocketed for another hearing in this court. While the trial court, under Rule 27.26, may set aside a trial court judgment of conviction (for constitutional infirmities which occurred in that court) in a case which has

been theretofore appealed to and affirmed by the supreme court, it could not set aside a judgment of the supreme court because of omissions or infirmities relating solely to the validity of the proceedings in that court. In the instant appeal we are limited to a review of the judgment of the trial court. If defendant desires a ruling on the point under consideration it would appear that it should be raised by an appropriate proceeding instituted in this court." (383 S.W.2d l. c. 700.)

The only grounds submitted by petitioner in his earlier motion under Rule 27.26 which related to alleged violations of federal rights were those numbered (1), (2) and (3) above. So the Schaffer case is contrary to petitioner's contentions for each of these grounds related to proceedings in the trial court.

The Missouri Supreme Court requires the sentencing courts of that state to review convictions in proceedings under Missouri Criminal Rule 27.26 in accordance with the principles announced by the United States Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, even though an earlier Rule 27.26 motion has been denied without an appropriate hearing. In re Green, No. 50657 (Mo.Sup., March 9, 1964, unreported). Therefore, petitioner has not shown the existence of circumstances rendering the currently available post-conviction corrective remedies provided by the State of Missouri ineffective to protect his rights.

Before again seeking relief by way of federal habeas corpus, petitioner should (1) file in the sentencing court a motion under Missouri Criminal Rule 27.26 which asserts as grounds for that motion any alleged constitutional infirmities in the proceedings before that court, request a hearing thereon, and appeal any adverse ruling thereon to the Missouri Supreme Court; and (2) file in the Missouri Supreme Court a motion for an order vacating the judgment affirming

his conviction, and redocketing his appeal for another hearing in that court, which motion should assert as grounds therefor any alleged constitutional infirmities in the proceedings before that court.

For the reasons stated above, it is hereby

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition for a writ of habeas corpus be, and it is hereby, dismissed without prejudice for failure to exhaust available state remedies.