Lester Lee MAXWELL, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

No. 1086.

United States District Court
W. D. Missouri,
Central Division.

June 15, 1966.

2. Knepper affidavit, p. 4.

3. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960).

4. Id. p. 584–585, 80 S.Ct. p. 1354.

5. Knepper affidavit, Ex.A. p. 1.

Lester Lee Maxwell, pro se.

No appearance for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate of the Missouri State Penitentiary at Jefferson City, Missouri, filed a petition for a writ of habeas corpus *in forma pauperis* on April 18, 1966.

The petition and the files and record in this case show that the petitioner was convicted of robbery in the first degree in the Circuit Court of the City of St. Louis, Missouri, on November 18, 1964· and sentenced to a term of eight years imprisonment. That conviction was affirmed on March 14, 1966 by the Missouri Supreme Court in State v. Maxwell, 400 S.W.2d 156.

It further appears from the files and record of this case that petitioner has made no attempt to collaterally attack his sentence in the courts of Missouri, although an admirable post-conviction procedure is presently available to him. See Hooper v. Swenson, (W.D.Mo.1965) 249 F.Supp. 280; and also Post-Conviction Applications Viewed by a Federal Judge, 39 F.R.D. 281, 294–5.

Petitioner makes no allegation that circumstances exist that render this presently available State corrective process ineffective to protect the rights of the petitioner.

The question therefore presented is whether it may and should be said that petitioner exhausted his State remedies within the meaning of § 2254, Title 28, United States Code, by his direct appeal from his conviction.

It is settled that a State prisoner, under certain circumstances, may exhaust his State remedies by a direct appeal from his State court conviction. The precise claim of violation of federal rights must have been presented to the highest court of the State and, in the subsequent federal habeas corpus proceeding, the petitioner must rely upon exactly the same evidence to support his renewed claim of violation of federal constitutional rights. Brown v. Allen, 344 U.S. 443, 447–450, 73 S.Ct. 397, 97 L.Ed. 469 (1953). In other words, and in the usual case, the same federal claim supported by the same evidence must have been presented to and a determination made by the highest court of the State before the exhaustion requirement of § 2254, Title 28, United States Code, is satisfied by a direct appeal.

In this case the federal grounds asserted in support of the petition for habeas corpus are (1) that petitioner was denied due process of law because he was denied a copy of the transcript of his preliminary hearing; and (2) that he was denied the right to examine the police record, if any, of his accuser (the complaining witness). Petitioner expressly relies upon Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) in support of the first ground and upon Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957) for the second.

In order to determine whether petitioner had exhausted his State remedies in regard to these grounds, petitioner was ordered to file a copy of the brief filed on his behalf in the Missouri Supreme Court and a copy of that Court's written opinion, now officially reported in Volume 400 of the Southwestern Reporter at 156.

An examination of petitioner's brief and the opinion demonstrates that while petitioner factually raised the same points in the Supreme Court as are raised in his habeas corpus petition filed in this Court, he did not claim that those facts constituted a violation of his *Federal* constitutional rights but only

that they were a violation of his *State* constitutional rights. No such federal claim was made until the present petition was filed.

Under these circumstances it can not be said that petitioner has exhausted his State remedies. The alleged violations of federal constitutional rights were not raised on direct appeal in the State court and therefore cannot be considered at this time. Hooper v. Swenson, supra, 249 F.Supp. at 282.

Accordingly, petitioner is hereby granted leave to file his petition *in forma pauperis*, but the same is hereby dismissed without prejudice.

Before again seeking to invoke the jurisdiction of this Court, petitioner should file in the Circuit Court of the City of St. Louis, his committing court, a motion pursuant to Missouri Criminal Rule 27.26, V.A.M.R. in which the alleged violations of federal constitutional rights be set forth. He should also demand a hearing and, thereafter, appeal any adverse ruling thereon to the Missouri Supreme Court.

It is so ordered.