JOHN WYLLIE *et al.*, Appellants, v. F. S. HEFFERNAN *et al.*, Respondents.

St. Louis Court of Appeals, September 18, 1894.

1. **Bill of Exceptions:** NUNC PRO TUNC ENTRY. The statutory limitation of the time for filing a bill of exceptions can not be evaded by *nunc pro tunc* entries.

2. ———: DELAYS CAUSED BY COUNSEL FOR RESPONDENT. The failure of a party to file his bill of exceptions in due time is not excused by the neglect of the opposing party to seasonably examine and return it to him, when he has not demanded the return of it.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*White & McCammon* for appellants.

*Heffernan & Buckley* for respondent Heffernan.

BIGGS, J.—The assignments of error pertain solely to matters occurring at the trial. The respondents contend that the alleged errors are not reviewable for the reason that the bill of exceptions was filed out of time. It is conceded, and the record shows, that the bill of exceptions was actually signed and filed after the expiration of the time prescribed by order of court, and after the final adjournment of the term at which the order was made. The court undertook to cure the difficulty by ordering the bill marked as filed within the time prescribed. This the court had no power to do. The limitation of the statute (R. S. 1889, sec. 2168) can not be evaded by *nunc pro tunc* entries. *Burdoin v. Town of Trenton*, 116 Mo. 358; *Dorman v. Coon*, 24 S. W. Rep. 731; *Wilson v. Taylor*, 25 S. W. Rep. 199.

The appellants, however, seek to avoid the legal consequences of the failure to file the bill within the current period of time by affidavits tending to show that the delay in filing the bill was attributable solely to the neglect of counsel for respondents in failing to examine and return the bill of exceptions in time to comply with the order of court. If true, this would of itself afford no excuse. The appellants should have demanded the return of the bill. Having failed to do this, they must bear the consequences. *Fulkerson v. Murdock*, 27 S. W. Rep. 555.

It results from the foregoing that the judgment of the circuit court must be affirmed. All the judges concur.