MUSICK, *Administrator, Appellant,* v. THE KANSAS CITY, SPRINGFIELD & MEMPHIS RAILROAD COMPANY.

### Division One, November 12, 1894.

1. **Practice:** BILL OF EXCEPTIONS, TIME OF FILING: EXTENSION WITHOUT NOTICE. An order entered *nunc pro tunc* by the court permitting the filing of a bill of exceptions after the time therefor has expired and at a term subsequent to the decision of the case is void, unless the opposite party had notice of the motion therefor and an opportunity to be heard.

2. ———: ———: ———. The duty of diligence in filing a bill of exceptions within time is on the appellant and can not be shifted to the other party by affidavit that the bill was left with the latter's counsel who kept it until after the time for filing had expired, it not appearing that it was duly demanded of him in season for filing.

3. **Pleading:** JUDGMENT OF JUSTICE OF PEACE. It is not necessary in pleading the judgment of a justice of the peace to set forth the particular facts conferring such jurisdiction. (R. S. 1889, sec. 2079.)

4. **Jurisdiction:** JUSTICE OF PEACE: RAILWAY RESERVOIR. A justice of the peace has jurisdiction to condemn land for use by a railroad for reservoir purposes. (*Musick v. Railroad, 114 Mo. 309, affirmed.*)

*Appeal from Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

AFFIRMED.

*White & McCammon* and *Thomas H. Musick* for appellant.

(1) Statutes authorizing the exercise of eminent domain are subject to a strict construction, and their requirements must be strictly complied with. *Ellis v. Railroad*, 51 Mo. 200; *Cunningham v. Railroad*, 61 Mo. 33; *Railroad v. Campbell*, 62 Mo. 585; *Rogers v. St. Charles*, 3 Mo. App. 41; *Blize v. Castlio*, 8 Mo. App. 290; *Anderson v. Pemberton*, 89 Mo. 61; *Hopkins v. Railroad*, 79 Mo. 98; *Leslie v. St. Louis*, 47 Mo. 474. (2) The jurisdiction of inferior courts must appear from the record. *Jefferson Co. v. Cowan*, 54 Mo. 234; *Cunningham v. Railroad*, 61 Mo. 33; *Gibson v. Vaughan*, 61 Mo. 418; *Haggard v. Railroad*, 63 Mo. 302; *Fisher v. Davis*, 27 Mo. App. 321. (3) Even where courts of general jurisdiction exercise special and limited statutory powers, the record must show every fact necessary to their jurisdiction. *McCoy v. Zane*, 65 Mo. 11; *Werz v. Werz*, 11 Mo. App. 26; *Sedalia v. Railroad*, 17 Mo. App. 105. (4) Defendant's answer should show territorial jurisdiction in the justice, but instead of doing so that part of plaintiff's replication setting up want of territorial jurisdiction was stricken out. (5) Section 6126, Revised Statutes, 1889, limits territorial jurisdiction of justices to the townships in which defendants reside and to adjoining townships. (6) Section 2566, Revised Statutes, 1889, confers jurisdiction of subject-matter upon justices of the peace as a class of judicial officers and does not attempt to repeal section 6126, or

to enlarge the territorial jurisdiction of justices of the peace. *State v. Heath*, 56 Mo. 531. (7) Payment is necessary before entry. *Walther v. Warner*, 25 Mo. 277; *Railroad v. Applegate*, 33 Am. Dec. 497; *Bloodgood v. Railroad*, 31 Am. Dec. 313. (8) A payment in draft or check is not a statutory payment, unless received as such. *Bank v. Wakeman*, 1 Cow. 46; *People ex rel. v. Baker*, 20 Wend. 602; *Munford v. Armstrong*, 4 Cow. 553; *Burnett v. Smith*, 64 Am. Dec. 290.

*Wallace Pratt* and *J. C. Cravens* for respondent.

(1) The cause having been tried and determined at the May term, 1893, and no bill of exceptions having been filed until about the close of the next succeeding September term, viz., on the fourteenth day of December, 1893, and long after the lapse of the time allowed by the court or consent of the defendant for such filing —the judgment of the circuit court has become a sealed book which this court has now no jurisdiction to look into on appeal, further than the record proper. *State v. Britt*, 117 Mo. 584; *State v. Seaton*, 106 Mo. 198; *State v. Mosely*, 116 Mo. 545; *State v. Apperson*, 115 Mo. 470; *State v. Harben*, 105 Mo. 603; *State v. Berry*, 103 Mo. 367; *State v. Hill*, 98 Mo. 570; *State v. Scott*, 113 Mo. 559; *Mentzing v. Railroad*, 64 Mo. 25. (2) If it were competent for this court on this appeal to look into the proceedings of the circuit court ending in the judgment here complained of, it would be found that every question (save one) now raised by appellant was presented and insisted upon in the former hearing of this cause on appeal, and there decided against appellant's contention. *Musick v. Railroad*, 114 Mo. 309; *Cunningham v. Railroad*, 61 Mo. 33; *Ellis v. Railroad*, 51 Mo. 200; *Campbell v. Railroad*, 62 Mo. 585; *Cory v. Railroad*, 100 Mo. 282.

MACFARLANE, J.—This is a second appeal in this case. The opinion in the former appeal is reported in 114 Mo. 309.

The action is trespass upon real estate of plaintiff's testator, situate in Wright county. Defendant pleaded a right to the possession of the land under proceedings before a justice of the peace of said county, by which a right to the use of the land was adjudged for the purpose of constructing a reservoir thereon. The reply put in issue the sufficiency of the proceedings to secure the alleged right. There was a trial of the issues which resulted in a verdict and judgment for defendant, and plaintiff appealed.

The judgment was rendered on the twenty-second day of June, 1893. The appeal was allowed at the same term and on the twenty-seventh of June, at which time leave was granted plaintiff to file a bill of exceptions within ninety days thereafter. The bill of exceptions was filed at the September term of said court, 1893, and on the fourteenth day of December of that year. On the sixteenth of December, the following record entry was made:

"Now at this day comes the plaintiff by attorney and files herein his motion praying the court to make an order granting him leave to file his bill of exceptions, in the above entitled cause, as of October 25, 1893. And all and singular the premises being seen, heard and fully understood, the court doth sustain said motion. Whereupon it is ordered by the court' that said bill of exceptions, which by agreement should have been filed on or before October 25, 1893, be and the same is hereby filed and made a part of the record in this cause. It is further ordered that the agreement made by said parties as to the time of filing the bill of

exceptions be and the same is hereby made a part of the record in the above entitled cause.''

The agreement is copied into the record and is as follows:

''It is hereby agreed that bill of exceptions may be filed in the above entitled cause at any time before October 25, 1893.

''(Signed)

''J. C. CRAVENS,
''Attorney for Defendant.''

An affidavit in support of the motion for a *nunc pro tunc* filing of the bill of exceptions is copied into the record. The substance of this affidavit is to the effect that in pursuance of the agreement on the twenty-third day of October, 1893, counsel for plaintiff delivered to counsel for defendant, for his examination, a completed bill of exceptions, but that said counsel ''retained said bill of exceptions in his possession and failed and neglected to examine and approve the same, though often requested so to do, and to deliver the same to plaintiff's attorney, until the eighteenth day of November, 1893.''

Defendant's counsel now objects to the sufficiency of the bill of exceptions, and to the consideration of any assigned error that does not appear upon the record proper.

I. Without considering the powers the circuit courts may possess, in respect to enforcing and making effectual, by subsequent orders, agreements of this character made by counsel in vacation, it is a cardinal principle which is well settled by authority that no such order made at a term subsequent to the final disposition of the case could have any force or validity unless the opposite party had notice thereof, and an opportunity to be heard. *Henze v. Railroad*, 71 Mo.

642; *George v. Middough*, 62 Mo. 551; *Laughlin v. Fairbanks*, 8 Mo. 371.

It does not appear from the record entry before us, or otherwise, that defendant had notice of the intended application for the order made. Whatever the power of the court to make the order, it certainly could not bind defendant by a purely *ex parte* proceeding. The order must be held to have no binding force or effect.

While the affidavit supporting the motion can be regarded merely as the evidence upon which the court presumably acted, and is no part of the record which we can properly consider, still, looking to it we find no facts stated which could authorize the order. It does not appear that plaintiff demanded of defendant's counsel the return of the bill of exceptions within the time in which it could have been filed under the stipulation. It was the duty of the defendant's counsel to file the bill in time, or secure an extension under the liberal provisions of the statute. The duty of diligence was on him, and he could not shift it to the opposing counsel, so as to relieve himself of the consequences of his own neglect. *State v. Britt*, 117 Mo. 584. The bill of exceptions was not, therefore, filed in time, and alleged errors arising thereon can not be considered.

II. The action was trespass upon land. In justification of its entry, defendant pleaded a judgment, or concluded proceeding, of a justice of the peace of the county, authorizing it to take possession of the land for the purpose of obtaining water in operating its railroad. By its plea defendant stated, in substance, that the land so taken was needed by it for water, reservoir and pond, and being unable to agree with Henry Nell, plaintiff's testator, as to the damages to be paid for the use thereof, it applied to T. H. Patterson, a justice of the peace of the county, for the appointment of commissioners for the assessment of damages; that

commissioners were appointed, after due notice to said Nell, by whom, after being duly sworn, the damages were assessed at $100, and a report thereof duly filed; that thereupon defendant deposited the amount so assessed with said justice, and went into possession of said land; that no appeal was taken from the proceedings had before said justice, and the same remains in full force.

Upon this plea defendant had judgment. Plaintiff now insists that the plea was insufficient and the judgment thereon is unauthorized, for the reason that it is not alleged that the said Patterson was a justice of the peace of the township in which the said Nell resided, and in which the premises were situate, or an adjoining township.

Assuming, without deciding, that the jurisdiction of the person of a landowner by justices of the peace, in causing the assessment of damages, is governed by the general statutes conferring jurisdiction upon them (section 6126), and not by the particular statute which confers jurisdiction of this subject (section 2566); and assuming further, but not deciding, that the question can be inquired into collaterally, the judgment is, in our opinion, sufficiently pleaded. The statute declares that "in pleading a judgment or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring the jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegations be controverted, the party pleading shall be bound to establish on trial the facts showing such * * * jurisdiction as the case may require." Code, sec. 2079. The question respecting the jurisdiction of the justice over the person of Nell, was, therefore, a matter of proof and not of pleading. *Robinson v. Jones*, 71 Mo. 584; *Collins v. Trotter*, 81 Mo. 275.

The evidence, and exceptions taken thereto, can only be brought before this court for review by bill of exceptions.   The error assigned does not appear upon the record proper and can not be considered.

III.   It is contended, also, as a matter appearing upon the record, that the justice had no jurisdiction of the proceedings, for the reason that they involved the title to real estate.   The same objection was urged on the former appeal and was decided adversely to plaintiff's contention.   No sufficient reason appears for changing our opinion.   Judgment affirmed.   All concur.