G. S. MADDOX *et al.*, Respondents, v. WABASH
RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Practice, Appellate: BILL OF EXCEPTIONS: FILING. After the expira-
tion of the time for filing a bill of exceptions, neither party nor the
court, nor both combined, can further extend the time or consent that
the record may be made up out of time. *Dorman v. Coon,* 119 Mo. 68.

*Appeal from the Audrain Circuit Court.—*HON. E. M.
HUGHES, Judge.

AFFIRMED; Judge BOND concurring, Judge BLAND
dissenting.

*Geo. S. Grover* for appellant.

*R. D. Rodgers* for respondent.

A bill of exceptions filed after the expiration of the
time allowed for filing can not be considered on appeal,
although filed with the consent of the parties and ap-
proved by the court. *Dorman v. Coon,* 119 Mo. 68;
*Danforth v. R'y,* 123 *Id.* 196; *Fulkerson v. Murdock, Id.*
292; *State v. Simmons,* 124 *Id.* 443; *Real Estate &
Bldg. Ass'n v. Transit Co.,* 127 *Id.* 499; *State v.
Schuchmann,* 133 *Id.* 111; *State v. Dillon,* 132 *Id.* 183;
*Lowen v. Hicks,* 63 Mo. App. 84; *State v. Harrison,* 62
*Id.* 113; *Wyllie v. Hefferman,* 58 *Id.* 657; *State v.
Sweeney,* 54 *Id.* 581; *State v. Woolwine,* 128 Mo. 347;
2 Thomp. on Trials, sec. 2815, p. 2137.

BIGGS, J.—The point is made by the respondent
that the bill of exceptions in this case was filed out of
time. By consent of counsel we have the original bill

before us. The defendant was granted leave to file bill on or before January 19, 1897. The indorsements on the bill are as follows:

"*Filed February 10th by consent of Joseph Boyd as* filed January 18th, 1897.

"P. M. MORRIS,

"Clerk."

Another indorsement is as follows:

"Now on this 10th day of Feb., 1897, comes defendant by attorney Geo. Robertson and files this bill of exceptions with the following indorsement of Joseph Boyd thereon, to wit: 'So far as I am concerned I consent to filing as of the 18th day of January, 1897.

" 'JOSEPH BOYD.'

"P. M. MORRIS,

"Clerk."

Attached to the bill is a statement of the clerk of date September 10, 1897, to the effect that the last mentioned indorsement, and that portion of the first indorsement in italics, were written by him after the bill was filed at the request of the attorney for the respondent, and that the original file mark was "Filed January 18th, 1897. P. M. Morris, Clerk."

Upon the face of the record the bill of exceptions was not filed within the leave granted by the court, that is, it was filed on the tenth day of February as of January 18. It the case of *Wyllie v. Hefferman*, 58 Mo. App. 657, we decided that the limitation of the statute as to filing bills of exceptions could not be evaded by a *nunc pro tunc* entry. To the same effect is *Burdoin v. Trenton*, 116 Mo. 358.

According to the statement of the clerk, his original indorsement on the bill read "Filed January 18th, 1897," and that the other matter appearing on the bill was subsequently written by him at the request of the

attorney for plaintiff. · The difficulty is that this statement of the clerk can not be received in this court to contradict the record as made. *Wilson v. Taylor*, 119 Mo. 626.

The fact that one of the plaintiffs consented to the filing of the bill is of no consequence. After the expiration of the time for filing a bill of exceptions it is beyond the power, either of the parties or of the court, or of both combined, to further extend the time or to consent that the record may be made up out of time. *Dorman v. Coon*, 119 Mo. 68. We are therefore compelled to decide that the bill of exceptions forms no part of the record in this case. As the assignments pertain to matters of exception only, the judgment of the circuit court will be affirmed.

Judge BOND concurs; Judge BLAND dissents.

BLAND, P. J. (*dissenting*).—To my mind the majority opinion is based upon facts found outside of the record, and I am for that reason compelled to dissent. At the conclusion of the bill of exceptions it is stated over the signature of Judge Hughes (who tried the case and signed the bill), that it (the bill of exceptions) is signed, sealed and made a part of the record in the case on January 18, 1897. This was in time. This certificate, not the filing by the clerk, is the official act which made the bill of exceptions a part of the record, and when made in vacation in pursuance of an order granting time to file out of term time, was tantamount to an order made in term and entered on the minutes of the court; that bill of exceptions is signed, filed and made a part of the record. The clerk on the receipt of the bill indorsed on the back of it filed January 18, 1897, and signed his name to the filing officially. The subsequent indorsements made by him at the request of appellant's attorney and by the consent

of some of the respondents, are not such indorsements as he was required or authorized by law to make, and for that reason are not evidence of the time the bill was filed, and should be disregarded.

Nor is statement attached to the bill that he made these indorsements two or three months after he had indorsed the bill filed January 18, 1897, evidence that can be considered by this court. Excluding these unauthorized indorsements on the back of the bill, and the voluntary statement of the clerk attached to the bill, the evidence that remains as to the signing of the bill is that it was signed, filed and made a part of the record on January 18, 1897, which was within the time given in which it might be filed. In my opinion it is a valid bill of exceptions and should be accepted as a part of the record.