STATE of Missouri, Respondent,

v.

George Carthel HOOPER, Appellant.

No. 49153.

Supreme Court of Missouri,

Division No. 2.

Jan. 14, 1963.

Motion to Transfer to Court En Banc
Denied Feb. 11, 1963.

Richard Wolff, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., James W. Steele, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

LEEDY, Judge.

George Carthel Hooper appeals from a judgment of conviction for robbery in the first degree by means of a dangerous and deadly weapon (a pistol), under which he was sentenced, as an habitual offender (§ 556.280, RSMo 1959, V.A.M.S.), to twelve years' imprisonment. The case is here on a full transcript furnished at public expense, defendant having been permitted to appeal as a poor person. In the absence of a brief on his part, as here, we would look to his motion for a new trial for his assignments of error; but the state takes the position that the motion for a new trial was not timely filed, and hence preserves nothing for review.

The transcript reflects the following: Verdict returned June 1, 1961, and on June 6, 1961, "defendant was granted thirty days additional time in which to file his motion for new trial." The next recitals of the transcript are: "And thereafter on August 23, 1961, by leave of Court, defendant filed as of June 16, 1961, Nunc Pro Tunc, the fol-

lowing motion for a new trial," etc. The motion for new trial was heard and submitted on August 29, 1961, and overruled on October 9, 1961, following which, and on the same day, allocution was accorded, judgment was entered and sentence pronounced in accordance with the verdict. Notice of appeal was filed October 16, 1961, and the transcript was filed January 2, 1962, in the circuit court, and on January 4 in the office of our clerk.

On March 13, 1962, defendant filed in the Supreme Court his "Motion to Amend Transcript" by inserting in said transcript and making a part thereof a certified copy of an instrument (tendered with the motion) styled "Court Order" which purports to sanction the nunc pro tunc filing and entering of defendant's motion for a new trial on August 23, 1961, as of June 16, 1961, which order, omitting caption, reads as follows:

### "COURT ORDER

"By leave of Court, motion of Defendant George Carthel Hooper for new trial, filed as of June 16, 1961, said motion being entered as a timely motion filed, Nunc Pro Tunc.

/s/ Richard Wolff
Attorney for Defendant
/s/ Michael J. Scott
Judge

Filed
August 23, 1961"

The motion to amend averred (among other things) that "the transcript does not clearly show that defendant's motion for new trial was timely filed and that unless said Court Order be inserted and made a part of the official transcript in this cause, the motion of defendant for new trial will not appear as having been timely filed." The motion to so amend was sustained, and the instrument tendered is before us for whatever it may be worth. Under the local practice, the signature of the attorney procuring such an order is appended to it along with that of the judge. From the fact that the

order bears the signature of the trial judge, we infer it is a copy of the original minute or memorandum which went to the clerk's office, and from which such entry was copied into, or spread upon the permanent records of the court in this case.

■ With respect to the time for filing a motion for a new trial in a criminal case, Rule 27.20, V.A.M.R., provides that the same "shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." The rule is mandatory (State v. Ash, (Mo.) 286 S.W.2d 808; State v. Crocker, (Mo.) 335 S.W.2d 32), so that at all events the motion for new trial must be filed within forty days after the return of the verdict, the maximum period permitted by said rule.

■ "The power to make a nunc pro tunc order should be exercised cautiously and as justice requires. Its office is to speak what has been done, not to create; it cannot supply a jurisdictional defect by requiring something to be done which has not been done." 60 C.J.S. Motions and Orders, § 57. For the general rule with respect to the power and authority of a circuit court to correct its record by nunc pro tunc proceedings, see Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, 64, and cases therein cited; and with respect to that which would be closely analogous, the nunc pro tunc filing of a bill of exceptions, see Musick v. Kansas City, S. & M. R. Co., 124 Mo. 544, 28 S.W. 72, 73; Maddox v. Wabash R. Co., 73 Mo.App. 510, and Wyllie v. Heffernan, 58 Mo.App. 657.

■ Neither the order itself nor any part of the record before us even remotely indicates the basis or ground on which the making of the order rests. It does not appear that it was made after

a hearing pursuant to notice and an opportunity for the opposite party to be heard, or that it was based on any record, minute, paper, or entry in the case. Hence there is no showing that the motion for new trial had been, in fact, timely delivered to the clerk's office and placed in the files without being stamped as filed, or that it had been so delivered and inadvertently stamped filed as of the wrong date—defects which, upon a proper showing, undoubtedly could be remedied by nunc pro tunc entries; but the present order does not proceed from any such premise. There is no reference to any nunc pro tunc proceedings in the case other than the order we have set out. For aught that appears, it constitutes the sole and only step taken in that connection. The order stands alone and unsupported either by evidence, claim or fact which would have authorized its making. The language employed—the granting of leave to file now for then—imports nothing more than an ex parte proceeding, and that which was ordered done was tantamount to the doing indirectly of that which could not be done directly, i. e., extending the time beyond the period fixed by Rule 27.20. The limitation of that rule cannot be evaded by the mere expedient of a nunc pro tunc entry, and any attempt to do so must, therefore, be regarded as a nullity.

For the foregoing reason, we disregard the motion for new trial because not timely filed. In passing, it may be said, however, that five of its seven assignments were so general and wanting in particularity as to render them wholly ineffectual to preserve anything for review. One of the two remaining assignments is wholly without merit, and the other is not supported by the record. The substantive allegations of the information (with adaptations to meet the particular facts of this case) are in the precise form approved in State v. Foster, Mo., 249 S.W.2d 371, 372, and, therefore, good. The court's findings as to the previous felony convictions of defendant are sufficient, and the verdict is in proper form. The record further shows allocution was accorded, and the judgment entered and sentence pronounced were regular and sufficient. The judgment is affirmed.

All of the Judges concur.