**STATE of Missouri, Respondent,**

**v.**

**Galen Dean PEDOCKIE, Appellant.**

**No. 50865.**

Supreme Court of Missouri,

Division No. 2.

June 14, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard K. Wilson, Sp. Asst. Atty. Gen., Springfield, for respondent.

James S. Simrall, Liberty, for appellant.

FINCH, Judge.

This appeal is from a felony conviction of uttering a forged instrument in violation of Section 561.011, RSMo 1959, V.A.M.S. Punishment was fixed by the jury at imprisonment in the Jackson County jail for one (1) year.

The transcript discloses that defendant was represented throughout this case by an attorney of his own selection. The case was tried on April 23, 1964, and the jury's verdict was returned on that date.

The next entry of record appearing in the transcript was the judgment entered on May 7, 1964. It reads in part as follows:

"Now on this day comes the Prosecuting Attorney, comes also the defendant, Galen Dean Pedockie in person and by attorney, James S. Simrall, and said defendant having been convicted by a jury to confinement in the Jackson County Jail for a period of one (1) year, and said defendant having filed no Motion for a new trial, and the time for filing same having passed and no extension having been granted therefor, and said defendant being informed by the Court of the verdict of the jury, heretofore returned herein, finding him guilty of Uttering a Forged Instrument and fixing his punishment at confinement in the Jackson County Jail for and during the period of One (1) year, and said defendant being asked by the Court if he has any legal cause to show why sentence should not be pronounced against him in accordance with said verdict, and said defendant having nothing further to say and showing no legal cause why sentence should not be pronounced and judgment rendered against him according to the law upon the verdict of the jury, heretofore had herein.

"Wherefore, it is ordered and adjudged by the Court that said defendant, Galen Dean Pedockie *due* undergo confinement in the Jackson County Jail for a period of One (1) year for said offense of Uttering a Forged Instrument; and that the State of Missouri do have and recover of and from said defendant all costs herein, and that execution issue therefor, and it is further ordered by the Court that said defendant be remanded to the custody of the Sheriff of Jackson County, Missouri, and that said Sheriff shall deliver said defendant to the custody of the proper officer in charge of said Jackson County Jail, therein to be confined as aforesaid."

Thereafter the order fixes the amount of an appeal bond.

Up to the time of the entry of that judgment, the transcript discloses no motion for new trial filed nor any order extending the time for filing such a motion. As a matter of fact, the judgment of May 7 specifically recited that no motion for new trial had been filed and that the time for filing same had passed without any extension of time being granted.

The transcript discloses that thereafter on May 18, 1964, defendant filed a motion asking the court to enter an order nunc pro tunc, giving until May 23, 1964, for filing a motion for new trial. The grounds stated in the motion were contained in

Paragraphs 2 and 3 thereof, which read as follows:

"2. That at that time defendant's attorney had some discussion with the court in regard to extending the time for filing of a motion for a new trial and there was no definite period stated in which said motion would be filed.

"3. Defendant's counsel was under the impression that the court would grant the usual and customary extension for thirty days after verdict which would expire on May 23, 1964."

On that same day the trial court sustained the motion for an order nunc pro tunc but in the order entered the court stated that "it is my opinion I have no jurisdiction to make this order."

A motion for new trial actually was filed on May 25, 1964. It never was acted upon but notice of appeal was filed on June 2, 1964, and an appeal bond was filed and approved.

■ Rule 27.20(a), V.A.M.R., provides that in criminal cases a motion for new trial "shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." It has been held repeatedly that this rule is mandatory. State v. Hooper, Mo., 364 S.W.2d 542; State v. Franklin, Mo., 379 S.W.2d 526.

■ It is clear that no motion for new trial was filed within ten days of the return of the verdict herein, that no order extending the time for filing same was entered within the ten-day period, and that a motion for new trial was not filed before judgment herein. In all of these respects there was not compliance with Rule 27.20(a), V.A. M.R. Furthermore, there was no basis for the entry of a nunc pro tunc order. There was no minute entry of the judge, no clerk's entry and no paper in the file to serve as a basis therefor. Actually, the motion seeking the order nunc pro tunc merely stated that there was some discussion about extending the time, with no definite time being fixed, and that "defendant's counsel was under the impression" that the court would grant an extension for thirty days after the verdict. This is not sufficient basis for an order nunc pro tunc. The rule was well stated in Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, 64, where the court, in quoting from Ross v. Kansas City, Fort Scott & Memphis Railroad Co., 141 Mo. 390, 395, 38 S.W. 926, aff. 42 S.W. 957, said: "The question of the power and authority of a circuit court to correct its record by nunc pro tunc entries has been many times before this court; and the rule announced seems to be that, in order to justify it in so doing, the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries. No such entries can be made from the memory of the judge, nor on parol proof derived from other sources. State v. Jeffors, 64 Mo. [376] 378; Exchange National Bank v. Allen, 68 Mo. [474] 476; Belkin v. Rhodes, 76 Mo. [643] 650; Saxton v. Smith, 50 Mo. 490; Fletcher v. Coombs, 58 Mo. [430] 434; Wooldridge v. Quinn, 70 Mo. 370; Blize v. Castlio, 8 Mo.App. [290] 294; Evans v. Fisher, 26 Mo.App. [541] 546." See also State v. Hooper, 364 S.W.2d 542, wherein the Doerschuk case is cited with approval and the court says further, l. c. 543: " 'The power to make a nunc pro tunc order should be exercised cautiously and as justice requires. Its office is to speak what has been done, not to create; it cannot supply a jurisdictional defect by requiring something to be done which has not been done.' 60 C.J.S. Motions and Orders, § 57."

■ Accordingly, we disregard the motion for new trial which was filed May 25, 1964.

Pursuant to our Rule 28.02, V.A.M.R., we have reviewed matters of record and find no error. The information followed the language of the statute under which defendant was charged, the verdict was in proper form, the punishment fixed was within the limits provided by the statute, defendant was accorded allocution, and the judgment is in proper form.

The judgment is affirmed.

All of the Judges concur.