**STATE of Missouri, Respondent,**

**v.**

**George Carthel HOOPER, Appellant.**

**No. 50823.**

Supreme Court of Missouri,

Division No. 1.

Feb. 14, 1966.

———◆———

Norman H. Anderson, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

Defendant appeals from an order overruling his motion to vacate and set aside the sentence and judgment hereinafter mentioned.

The sentence and judgment he attacks by motion under Rule 27.26 [1] is that entered by the circuit court of the City of St. Louis on October 9, 1961, in its cause numbered 474–J, affirmed by this court January 14, 1963. See: State v. Hooper, Mo., 364 S.W.2d 542. That judgment sentenced him, as an habitual offender, to imprisonment for twelve years on his conviction of the crime of robbery in the first degree by means of a dangerous and deadly weapon.

The order from which he appeals was made upon a review by the trial court of the motion and the files and records of the case without hearing evidence. Express provisions of the rule are that the court is not required to hear evidence on a motion where the motion and the files and records show to its satisfaction that the movant is not entitled to relief; otherwise, the court shall grant a prompt hearing thereon and determine the issues. State v. Kitchin, Mo., 300 S.W.2d 420, 421 [2], certiorari denied 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed. 2d 1429.

 We review the matter de novo. Rule 28.05; State v. Kitchin, supra; State v. Richardson, Mo., 347 S.W.2d 165, 168 [1], certiorari denied 372 U.S. 954, 83 S.Ct. 953, 9 L.Ed.2d 978. We may, and do, take judicial notice of the proceedings shown by the transcript of the record in the original case on file in this court. State v. Johnstone, Mo., 350 S.W.2d 774, 776 [1], certiorari denied 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280.

From the ten numbered paragraphs of defendant's seven-page motion, we extract these as the substance of his grounds for vacating the sentence and judgment:

1. That he was knowingly and falsely charged by the information in the original case (cause number 474–J in the circuit court of the City of St. Louis; cause number 49,153 in this court, Mo., 364 S.W.2d 542) with two prior felony convictions, because at the time of his trial, conviction and sentence in that case he had not been sentenced on his pleas of guilty to the two prior felonies described in the information; that the record shows that he was not sentenced on the two prior felony convictions until after imposition of sentence in case number 474–J; that for these reasons the court was without jurisdiction to apply the Habitual Criminal Act (Section 556.280 [2]); therefore, rights guaranteed him by § 1 of the Fourteenth Amendment to the Constitution of the United States were violated.

2. That the court erred in permitting a state's witness to testify that a confessed participant in the robbery stated to the witness that defendant "was the driver of the get-away-car" used in commission of the robbery; that he was thereby deprived of his right "to meet the witnesses against him face to face" guaranteed by Section 18(a), Article I, Constitution of Missouri, V.A.M.S.

3. That he was denied effective assistance of counsel in that counsel appointed by the court to represent him in the robbery case failed to file timely a motion for new trial.

---

1. References to rules are to Rules of the Supreme Court of Missouri and V.A.M.R.

2. References to statutes are to RSMo 1959 and V.A.M.S.

The first two grounds of his motion are substantially the same as two of the grounds stated in his motion for new trial in the robbery case. We disregarded the motion for new trial on that appeal because the motion was not timely filed. State v. Hooper, supra, 364 S.W.2d 1. c. 544 [3]. In effect his motion to vacate seeks to function as a motion for new trial as to these two grounds. We have held that a motion to vacate under Rule 27.26 may not be used as a substitute for a motion for new trial. State v. Hagedorn, Mo., 305 S.W.2d 700, 702 [3].

Also, these two grounds of his motion to vacate are directed toward alleged trial errors. Rule 27.26 does not afford a means for review of trial errors. In State v. Thompson, Mo., 324 S.W.2d 133, 135–136 [4], we said: "The statutory motion to vacate and set aside a judgment and sentence may not be used in lieu of an appeal to review errors committed in the course of the trial, even though such errors relate to constitutional rights, * * *." State v. Wiggins, Mo., 360 S.W.2d 716, 718 [1–2]; State v. Hagedorn, supra; State v. Schaffer, Mo., 383 S.W.2d 698, 699 [1].

There are two additional reasons why the first ground of defendant's motion to vacate is without merit. First: the point was laid to rest in State v. Hooper, supra, 364 S.W.2d 1. c. 544, when we said: "The court's findings as to the previous felony convictions of defendant are sufficient, * * *." Defendant is precluded from further litigating this question by a motion to vacate under Rule 27.26. State v. Thompson, supra, 324 S.W.2d 1. c. 139 [8]. Second: the record of his sentence in the robbery case and his sentences for the prior felony convictions simply does not support his allegations. Exhibits A and B attached to his motion to vacate show that he was sentenced to five years in the Department of Corrections for each of the prior felonies on June 1, 1960, and subsequently on the same day placed on probation; thereafter, on May 31, 1961, his trial began on the robbery charge, and on October 13, 1961, he was sentenced on his conviction of that charge after his motion for new trial was overruled. The facts in State v. Gordon, Mo., 344 S.W.2d 69, cited by defendant, are distinguishable from the facts in this case. In Gordon the Habitual Criminal Act was not applicable because imposition of sentence for the prior felony had been suspended; here, defendant was sentenced and subsequently placed on probation for the prior felony convictions more than a year before his sentence in the robbery case.

In State v. Worley, Mo., 371 S.W.2d 221, 223 [7], the defendant contended that he was denied effective assistance of counsel for the reason, inter alia, that his counsel had failed to file a motion to suppress evidence. We held that this was not sufficient grounds for setting aside the sentence and judgment, stating: "This court 'has consistently followed the rule that "negligence or want of skill of counsel affords no ground for the reversal of even a criminal case [citing authorities]."'" The third ground of defendant's motion to vacate does not allege that his counsel was negligent in failing to file timely a motion for new trial. For all we or the trial court may know from the conclusionary averments of his motion, there may well have been good reason for not filing his motion for new trial within the time allowed by the rules. We have again examined this motion for new trial and note that it would not have availed defendant anything had it been timely filed for, as stated in State v. Hooper, supra, 364 S.W.2d 1. c. 544: "In passing, it may be said, however, that five of its seven assignments were so general and wanting in particularity as to render them wholly ineffectual to preserve anything for review. One of the two remaining assignments is wholly without merit, and the other is not supported by the record."

For the reasons stated, the court was not required to grant a hearing on defendant's

motion to vacate and set aside the sentence and judgment.

The order overruling the motion is affirmed.

All concur.