interests of juveniles rather than to facilitate police investigations."

We are, of course, determining only the question here presented. We do not consider the question of spontaneous statements by a juvenile prior to being taken before the juvenile judge or juvenile officer; nor do we consider statements of a juvenile in response to questioning after § 211.061 has been complied with.

■ We do not consider that the defendant waived his objection to the use of the statements obtained by the police by reason of the fact that experts who examined Joe pursuant to his defense of lack of mental capacity to commit a crime testified that he made similar statements to them. By § 552.030, RSMo 1959, V.A.M.S., such statements could be considered only on the issue of mental capacity.

In view of our conclusion, we do not reach the formidable constitutional objections to the use of the defendant's statements in this case. See Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325, 87 A.L.R.2d 614.

■ Inasmuch as we cannot conclude on the record before us that it would be impossible for the prosecution to make a submissible case against the appellant without the use of his statements, the cause should be remanded for a new trial, rather than reversed outright. State v. Missey, 361 Mo. 393, 234 S.W.2d 777; State v. Walker, Mo.Sup., 365 S.W.2d 597.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.

STATE of Missouri, Respondent,

v.

Charles Herbert WHITE, Appellant.

No. 51836.

Supreme Court of Missouri, Division No. 2.

Oct. 10, 1966.

Motion for Rehearing or Transfer to Court En Banc Denied Nov. 14, 1966.

See also Mo., 403 S.W.2d 603.

**32**

———◆———

Norman H. Anderson, Atty. Gen., Jefferson City, Henry L. Twigg, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Lewis E. Pierce, Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

FINCH, Judge.

Defendant was convicted of possession of narcotic drugs in violation of § 195.020 (all references are to RSMo 1959 and V.A.M.S., unless otherwise indicated) and was sentenced to imprisonment for a term of eight years, from which judgment he has appealed. Defendant was represented in the trial court and on appeal by experienced counsel of his own selection.

No motion for new trial was filed and on appeal only two issues are raised. Defendant asserts that the information is fatally defective and that he was denied his constitutional right of confrontation with witnesses against him. The limited nature of these questions requires only a brief recitation of the facts.

The information herein charged that defendant had "in his possession a quantity of Narcotics, to-wit: Demerol, Dolíphene, Morphine and tinture of opium." The evidence on behalf of the State will support the following recital of facts: On the afternoon of June 8, 1965, Sergeant McKinnie of the Kansas City Police Department received information that a man who had committed a burglary of the Main Street Pharmacy at 43rd and Main Streets was in a house at 2104 East 59th Street, that his name was Charlie White, and that the narcotics taken in the burglary were in the house. Sergeant McKinnie and two other officers proceeded to the house at 2104 East 59th Street, which was occupied by and in the possession of the defendant, Charles White. While they were outside they heard a woman screaming for help. The sergeant looked in the window and saw defendant with a large roll of bills in his hand. The officers knocked on the door and after a short delay the door was opened and they were admitted by the defendant himself. Sergeant McKinnie immediately advised defendant that he was under arrest for burglary of the Main Street Pharmacy and looked at once for a woman or someone else, but defendant informed them that the voice they heard was from a TV program. Sergeant McKinnie took the roll of bills plus some white powder and a hypodermic needle from a chair adjacent to the bed where defendant had been lying. The officers proceeded to search the house incident to the arrest for burglary and found substances which were identified at the trial by the police department chemist as Demerol, Dolophine and morphine sulphate which is a morphine salt. The evidence at the trial consisted of the testimony of the three officers who went to the house at 2104 East 59th Street and the police chemist. Defendant offered no evidence.

■ Defendant contends that the information herein is fatally defective in that it charges him with two offenses, one for possession of narcotic drugs under § 195.020, and one for possession of barbiturates or stimulants under § 195.240. No attack

was made on the information in the trial court and there was no motion for bill of particulars, but nevertheless we review the sufficiency of the information on appeal. Criminal Rule 28.02, V.A.M.R.

■ We hold that the information is not duplicitous and does not charge two offenses. It specifically states that the defendant is charged with the possession of narcotics. Nothing whatsoever is said about barbiturates or stimulant drugs. The information then enumerates the drugs charged to have been in defendants's possession. They are Demerol, Dolophine, Morphine and tincture of opium. At the trial Demerol was identified as being the same as isonipecaine which is listed in § 195.010 as a narcotic drug. Morphine and opium and their salts are included in the definition of narcotic drugs under § 195.010. Dolophine, which was further identified as methadon at the trial, is not listed in § 195.010, and there was no proof that it does fall within drugs prohibited by § 195.-010. Consequently, we cannot say whether or not Dolophine falls within the prohibition of the Narcotics Drug Act, but in our opinion its inclusion in the information was simply surplusage and did not make the information bad. Criminal Rule 24.11, V.A.M.R. Mere inclusion of the word "Dolophine" in a charge of possession of narcotic drugs did not constitute a charge of possession of barbiturates or stimulant drugs.

■ Defendant also mentions that at the top of the information against him was typed the words "Section 195.240." No reference to this section or any other section appears in the body of the information, and we hold that the section number appearing at the top of the information form was surplusage and did not mislead defendant as to the offense charged. It is perfectly clear from the body of the information that the defendant was charged with possession of narcotic drugs. That is the charge on which he was tried and sen-

tenced, and we rule this assignment against defendant.

The second assignment by defendant is that he was denied his constitutional right under the Sixth and Fourteenth Amendments of the Constitution of the United States and under Art. I, § 18(a) of the Missouri Constitution of 1945, V.A.M.S., to be confronted by his accusers and the witnesses against him. This contention arises out of a hearing conducted on a motion to suppress which was filed by the defendant prior to trial of this case. Sergeant McKinnie at that hearing testified that he had received information that the defendant had committed the burglary of the Main Street Pharmacy, that defendant was at that time in the house at 2104 East 59th Street and that narcotics taken in the burglary were there. Sergeant McKinnie testified that this information came to him from an informant who in times past had proved reliable. On cross-examination counsel for defendant asked for the name of the informant. Objection to the furnishing of this information was made on behalf of the State and by Sergeant McKinnie, who stated that he was fearful the informant would receive bodily harm if his name was revealed. The trial court interrogated Sergeant McKinnie, after which he stated that it was his understanding that it was discretionary with the court whether to require that the name be furnished, and that under the circumstances he would sustain the objection on behalf of the State.

Defendant cites two cases in support of his contention that the refusal of the court to furnish the name of the informant denied his constitutional right to be confronted by his accusers and the witnesses against him. These are the cases of Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, and Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934. Neither of these cases support the position of defendant herein. In the Pointer case the trial court permitted introduction of the transcript of the testi-

mony of the complaining witness from a preliminary hearing at which defendant was not represented by counsel and the witness was not cross-examined on behalf of the defendant. The Supreme Court held that the introduction of the transcript in evidence under those circumstances was a clear denial of the right of confrontation and cross-examination. In the Douglas case the State called an alleged accomplice as a State's witness and when he refused to testify on grounds of self-incrimination, the trial court permitted cross-examination as a hostile witness and the reading of a purported confession of the witness which implicated the defendant. The Supreme Court held that defendant's inability to cross-examine the alleged accomplice about the purported confession denied him his constitutional right of cross-examination secured by the confrontation clause of the Sixth Amendment. Neither of those factual situations have any application to the situation herein.

 This court in the case of State v. Edwards, Mo., 317 S.W.2d 441, reviewed the question of whether the trial court should require police officers to disclose the identity of informants from whom they have received information. The court held that the question should be determined by the trial court in the exercise of its discretion, dependent upon the facts of the particular case. See also State v. Redding, Mo., 357 S.W.2d 103, and Annotation, 76 A.L.R.2d 262, 343. It would serve no useful purpose for us again to review and analyze the cases upon which that decision was based. Actually, defendant's brief does not charge an abuse of discretion by the trial court. No point is preserved involving the court's action in overruling the motion to suppress. Defendant does not assert on appeal that the court committed error in the admission of any evidence against the defendant. There is no complaint that the defendant was denied an opportunity to cross-examine any witness who testified at the trial against him, as there was in Pointer and in Douglas. Under these circumstances, we rule that the trial court followed State v. Edwards, supra, and exercised its discretion in refusing to require the police officer to furnish the name of the informant. There is no showing of an abuse of that discretion.

We have examined other matters of record pursuant to Criminal Rule 28.02, V.A.M.R., and find no error.

The judgment is affirmed.

All of the Judges concur.