Charles Herbert WHITE, Appellant,

v.

STATE of Missouri, Respondent.

No. 53250.

Supreme Court of Missouri,
Division No. 2.

June 10, 1968.

Motion for Rehearing and to Transfer to
Court En Banc Denied July 8, 1968.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

Norman H. Anderson, Atty. Gen., Gerald L. Birnbaum, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

While represented by employed counsel of his own selection, defendant was found guilty by a jury of the possession of narcotic drugs in violation of Section 195.020 RSMo 1959, V.A.M.S., and sentenced to imprisonment for a term of eight years. No motion for new trial was filed, but an appeal was taken and the judgment was affirmed. State v. White, Mo., 408 S.W.2d 31. Defendant has filed a motion under Rule 27.26, V.A.M.R., to vacate the judgment and sentence. A full evidentiary hearing was held on the motion in the trial court, findings of fact and conclusions of law were entered, and defendant has appealed from the judgment denying any relief on his motion.

Defendant's first point is that his conviction "was based upon evidence seized during an unconstitutional, unreasonable search made as a result of an unlawful arrest made without probable cause, it being based on information from an unnamed informer without any corroborating circumstances nor any showing as to how the informer secured his information."

Prior to trial defendant filed a motion to suppress evidence. A full and complete hearing was held on the issue of an unlawful search and seizure, and the motion was overruled. At trial, when the evidence previously sought to be suppressed was offered, defendant made no objection thereto on the basis that it was obtained by an unlawful search and seizure. See State v. Lord, Mo., 286 S.W.2d 737. Although on the previous appeal defendant urged a constitutional question on the basis that plain error affecting substantial rights was involved within the meaning of Rule 27.20(c), V.A.M.R., the constitutional issue of an unlawful search and seizure was not urged. Notwithstanding the circumstances related above, we shall rule the contention on its merits.

At the hearing on the motion to suppress, and at the hearing on the motion filed pursuant to Rule 27.26, the testimony disclosed that Detective Sergeant Charles B. McKinnie was told by an informant that defendant was the person who committed a recent burglary of a drugstore in which narcotics had been stolen, and that defendant and narcotics which had been taken in that burglary, and possibly other narcotics, were in a house at 2104 East 59th Street, Kansas City, Missouri. Sergeant McKinnie knew the defendant, and he knew his reputation as a burglar and a narcotics user. He also knew that the robbery referred to had occurred. He had known his informant for 18 to 20 years, he knew him to be reliable, and he had many times received accurate information from him. Sergeant McKinnie stated that he considered the time element to be important, and approximately forty minutes after the information was received he and two officers arrived at the address furnished by the informant. One of the officers knocked on the door, and immediately thereafter they heard what they thought was a woman in the house screaming or calling for help. Sergeant McKinnie removed a screen from a window and looked in the house and saw defendant standing in the living room dressed only in shorts and holding a large roll of money. Defendant opened the door and he was told that he was under arrest.

As the result of a search narcotics were found in the basement in a cereal box on the top of the furnace. While attempting to locate the woman that had been previously heard, Detective McKinnie looked in the bedroom and saw a hypodermic syringe and paraphernalia ordinarily employed in the use of narcotics. Defendant told the officers that the screaming of the woman was a part of a "soap opera" on the television, and no woman or person other than defendant was found in the house.

■ Whether there was probable cause for the arrest of defendant depends upon whether there existed reasonable grounds for the arresting officer to believe an offense had been committed by defendant. Probable cause for making an arrest is incapable of exact definition beyond saying that "the officer must not act arbitrarily, must exercise his discretion in a legal manner, must use all reasonable means to prevent mistakes and must be actuated by such motives as would influence a reasonable man acting in good faith." State v. Jefferson, Mo., 391 S.W.2d 885. As stated in Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, in the determination of probable cause for an arrest without a warrant, "we deal with probabilities" which are "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." In this case Sergeant McKinnie knew defendant's reputation as a burglar and a narcotics user. He knew that a pharmacy had recently been burglarized and narcotics had been taken. The informant had been well known to Sergeant McKinnie for many years, and he had on numerous occasions supplied accurate and reliable information. Defendant was observed on the premises where the informant said he would be before he was placed under arrest.

Our review in this proceeding is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j); Crosswhite v. State, Mo., 426 S.W.2d 67,

70. The issue then becomes whether the trial court reasonably could find that, as stated in Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142, at the moment of the arrest "the facts and circumstances within [Sergeant McKinnie's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [defendant] had committed or was committing an offense." See also McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; State v. Jefferson, supra; and the annotation entitled "What constitutes 'probable cause' or 'reasonable grounds' justifying arrest of narcotics suspect without warrant—federal cases." 3 L.Ed.2d 1736. What we have set forth above demonstrates that the findings, conclusions and judgment of the trial court were not clearly erroneous.

Defendant's second point is that he was "denied his constitutional right to be confronted by the witnesses against him, his right to cross-examination, and his right to compulsory process because of the trial court's refusal to require the state to divulge the name of the informer, such being relevant and helpful to [his] defense." This contention was presented on behalf of defendant on his appeal from the judgment of his conviction by the same counsel now representing him on this appeal, and it was ruled adversely to his contention. See State v. White, Mo., 408 S.W.2d l. c. 33–34.

■ A motion under Rule 27.26, V.A. M.R., is not to furnish defendant a second appeal. The action of the trial court in ruling on this contention in defendant's motion under Rule 27.26 is affirmed for the reasons stated in the prior opinion. See State v. Hooper, Mo., 399 S.W.2d 115; State v. Durham, Mo., 386 S.W.2d 360, certiorari denied, 382 U.S. 857, 86 S.Ct. 110, 15 L.Ed.2d 94.

Defendant's last point is that "because of the ineffectiveness of trial counsel in failing to file a motion for new trial, [he] was

in effect denied a real and meaningful appeal from his conviction because of this court's rule that it will not review alleged errors that have not been preserved in such a motion, thereby denying appellant due process of law."

We note several facts. Defendant's counsel at trial was experienced in the trial of criminal cases. He was not appointed counsel but had been employed by defendant. He was at the time of trial and is now the law partner of the attorney representing defendant on this appeal. The trial court upon request extended the time for filing a motion for new trial to thirty days. When that time expired, and no motion was filed, defendant appeared before the court with his trial counsel for allocution, and when asked if there was any legal cause why sentence should not be imposed, defendant did not advise the court that contrary to his wishes his counsel had not filed a motion for new trial. Defendant has not alleged in his motion filed under Rule 27.26 that the failure of counsel to file a motion for new trial was contrary to his instructions, or that he did not agree that no motion for new trial should be filed. At the hearing on the motion under Rule 27.26 trial counsel did not testify. The only explanation in the record as to why a motion for new trial was not filed is the statement by defendant's present counsel that he had "discussed" the matter with trial counsel and that his testimony "would be that he just forgot." We note also that at the hearing on the motion under Rule 27.26 defendant made no attempt to show on what basis or for what reason he was prejudiced by the failure of his counsel to file a motion for new trial. In his brief defendant asserts that "certain matters arose which resulted in trial objections," and he refers generally to the trial court's action in overruling his motion to suppress evidence, in refusing an instruction on circumstantial evidence, and in overruling an objection "to the proof of the chain of evidence." The motion to suppress evidence was properly ruled for the reasons herein set forth. Without setting forth the reasons for our conclusions, we state that there is no merit to the other two contentions.

In State v. Childers, Mo., 328 S.W.2d 43, the defendant contended in a motion under Rule 27.26 that he was denied effective assistance of counsel for the reason his counsel failed to specify with certainty his objections to instructions, and for that reason the issue was not reviewable on appeal. It was held that this was not sufficient grounds for setting aside the judgment, and it was stated that "this court has consistently followed the rule that 'negligence or want of skill of counsel affords no ground for the reversal of even a criminal case' * * *." In State v. Worley, Mo., 371 S.W.2d 221, the above rule was applied to the failure of counsel to file a motion to suppress evidence, and in State v. Hooper, Mo., 399 S.W.2d 115, 117, it was applied to the failure of counsel to file timely a motion for new trial. Assuming the reason no motion for new trial was timely filed in this case was the negligence of defendant's trial counsel, which in our opinion was not established, the above rule is applicable. The trial court was not clearly erroneous in denying defendant's contention that he was denied due process of law.

The judgment is affirmed.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

### On Motion for Rehearing and to Transfer to Court en Banc.

PER CURIAM.

Defendant, acting pro se, has filed with his motion for rehearing, a motion to transfer this case to the court en banc on the ground that a federal question is involved.

Section 9, Article V, Constitution of Missouri, V.A.M.S., provides that a cause shall be transferred to the court en banc when (a) the members of a division are equally divided in opinion, (b) the division shall so order, (c) on the application of the losing party when a member of the division dissents from the opinoin therein, (d) "a federal question is involved," and (e) pursuant to supreme court rule. This court has held that the term "federal question" as used in Section 9 of Article V is to be "interpreted according to the standard" contained in Section 3 of Article V, pertaining to jurisdiction of the supreme court, which refers to "cases involving the construction of the Constitution of the United States or of this state, the validity of a treaty or statute of the United States, or any authority exercised under the laws of the United States, * * *." McAllister v. St. Louis Merchants' Bridge Terminal Ry. Co., 324 Mo. 1005, 25 S.W.2d 791. See also Irwin v. Globe-Democrat Publishing Company, Mo., 368 S.W.2d 452, 459.

▮ The issue presented on the appeal was whether narcotics were wrongfully introduced in evidence at defendant's trial on the ground that they had been obtained by an unreasonable search and seizure. If so, it was because the arrest of defendant was made without probable cause. However, if the arrest was with probable cause, and therefore lawful, the search and seizure made as an incident thereto admittedly was not unreasonable, and the evidence thus obtained was properly admitted. The only possible "construction" of either the federal or state constitution would be whether a search and seizure without a warrant made as an incident to a lawful arrest violates the applicable constitutional provisions against unreasonable searches and seizures. However, it has long been decided that it does not. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; State v. Phelps, Mo., 384 S.W.2d 616. This court does not take jurisdiction on the ground that the construction of the constitution is involved when the precise constitutional question has

been priorly adjudicated by decisions of this court, Swift & Co. v. Doe, Mo., 311 S.W.2d 15, 20, and when that prior adjudication is not in good faith challenged. See State v. Harris, Mo., 321 S.W.2d 468. The issue for decision on appeal did not require the "construction" of the federal or state constitution. At most, there was involved only the *application* of constitutional principles and not the *construction* of the federal or state constitution. "A real substantive federal question should exist for the transfer of a cause to Banc. The mere allegation of the existence of a federal question is not sufficient." State v. Johnstone, Mo., 335 S.W.2d 199, 207.

In defendant's motion for rehearing he attempts to raise for the first time the contention that after the police officers knocked on the door and thought they heard a woman screaming, there resulted an unlawful entry into the house when Sergeant McKinney removed the window screen and looked in the house. He cites and relies on the recent case of Sabbath v. United States, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828, and asserts that this contention presents a federal question requiring a transfer to the court en banc.

▮ Constitutional questions to be preserved for appellate review must be raised at the first opportunity consistent with orderly procedure. State v. Smith, Mo., 310 S.W.2d 845, 850. They cannot be first presented in a motion for rehearing. However, in any event this contention would not call for the "construction" of the state or federal constitution, but only the application of constitutional principles, and in addition, there is no merit to the contention. Sergeant McKinney identified himself to defendant, and the defendant voluntarily opened the door to the house and admitted the police officers.

Other contentions consist only of reargument. The motion for rehearing and the motion to transfer to the court en banc are overruled.