Paul Edward KENTON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 39884.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 29, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Melvin G. Franke, Public Defender, Gary L. Gardner, Asst. Public Defender, Union, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., James McHenry, Pros. Atty., Thomas J. Brown, III, Asst. Pros. Atty., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

Movant (hereafter defendant) Paul Edward Kenton has appealed the denial of his third Rule 27.26 motion without an evidentiary hearing. In 1955 defendant was convicted of first degree murder and sentenced to life imprisonment. The conviction was affirmed in *State v. Kenton,* 298 S.W.2d 433 (Mo. 1957). Post-conviction motions were denied in 1960 and 1968. We affirm.

In 1977 defendant again moved for post-conviction relief. He first alleged his trial counsel had failed to timely file a motion for new trial and therefore had rendered ineffective assistance of counsel. He also alleged he was not guilty because the results of a 1975 polygraph test proved his innocence. The state moved to dismiss because defendant had filed prior Rule 27.26 motions. The trial court found the first allegation was "new" but could have been raised in the prior motions and the second allegation was not cognizable under Rule 27.26. Defendant's motion was summarily denied.

Defendant argues his allegation regarding ineffective assistance of counsel was "new" and that it could *not* have been raised earlier because trial counsel's failure to timely file a motion for new trial was not available in 1967 when defendant filed his prior motion. Defendant contends this ground for relief was not available until 1969 when it was established in *Holbert v. State,* 439 S.W.2d 507 (Mo. 1969). We reject that contention.

Defendant's reliance on *Holbert* is misplaced, because it was not the first case to consider the ineffectiveness of counsel who failed to timely file a motion for new trial. See *State v. Hooper,* 399 S.W.2d 115 (Mo. 1966) wherein this issue was directly raised and ruled adversely to movant there. *Hooper* was available to defendant in 1967 when he filed his prior Rule 27.26 motion, and the ground now sought to be raised by defendant was available then.

Furthermore, the record on appeal reveals defendant knew his counsel had jeopardized his rights on appeal when he filed the Rule 27.26 motion in 1967. This motion recited that defendant had filed a petition for habeas corpus, which was "considered by the Supreme Court of Missouri as a Motion to Set Aside and Vacate Sentence under Supreme Court Rule 27.26." (Our emphasis). The 1967 motion further set forth the allegations enumerated in the petition for habeas corpus and stated: "The failure of defense counsel to diligently comply with the requisites of an appeal was no fault of petitioners [sic] and should not be held against him." The Supreme Court granted defendant an evidentiary hearing on the allegations raised in his petition for habeas corpus, considered as a Rule 27.26 motion, but the result of the hearing does not appear in the record. Since defendant was not then released nor given a new trial, we assume his petition for writ of habeas corpus treated as a Rule 27.26 motion, was denied. In any event, the quoted allegation reveals defendant's knowledge of faulty conduct by his trial counsel. Further, defendant alleged ineffective assistance of counsel in regard to other issues in the 1967 motion, so it cannot be said he was then unaware of his constitutional right to effective assistance of counsel. Defendant cannot sustain his claim that he lacked knowl-

edge of this ground when he filed his 1967 motion.

 We commend the trial court here for its astute analysis in its order denying defendant's current motion. We agree with the court's conclusion that the allegation regarding ineffective assistance of counsel for failure to timely file a motion for new trial was "new," but that it could have been raised in the 1967 motion.

Defendant's second contention is that the trial court should have construed his ground for relief—that he is not guilty—as an allegation there was newly discovered evidence; and, under such a construction, the court was required to hold an evidentiary hearing on the probative value of the evidence.

Defendant's motion alleged that he "is not guilty of the crime he was convicted of, had absolutely no guilty knowledge of same and has always maintained that fact . . ." In support of this allegation, the motion lists as evidence a polygraph report and a newspaper article relating to the defendant and the report; as witnesses, the motion names the polygraph examiner, a newspaperman and defendant. Defendant argues that the polygraph report proves he is not guilty.

 The trial court was correct in stating that a bare allegation that defendant is not guilty does not entitle him to relief. *Bradley v. State,* 494 S.W.2d 45 [3] (Mo. 1973). Furthermore, even if we accept defendant's contention that his ground for relief alleges newly discovered evidence, he is still not entitled to relief. The courts have held that newly discovered evidence does not provide a basis for relief. See *Hatfield v. State,* 529 S.W.2d 180 [1] (Mo. App. 1975) and *Beishir v. State,* 480 S.W.2d 883 [1] (Mo. 1972). We note further that defendant should not have been afforded an evidentiary hearing on the strength of the polygraph report since the results of a lie detector test would not be admissible absent a stipulation between state and defendant. *State v. Faught,* 546 S.W.2d 515 [1] (Mo.App. 1977). It is neither the trial court's function nor ours to speculate whether such a stipulation would be made.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.